Argued and submitted March 9, 1984, resubmitted In Banc March 6, affirmed April 17, reconsideration denied June 7, petition for review denied July 9, 1985 (299 Or 443)

IERULLI et al,
*Respondents,*

*v.*

LUTZ DEVELOPMENT CO.,
*Appellant.*

(A8204-02464; CA A28874)

698 P2d 504

J. P. Graff, Portland, argued the cause for appellant. With

him on the briefs was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

David D. Powell, Portland, argued the cause for respondents. On the brief was Frank M. Ierulli, Portland.

ROSSMAN, J.

Buttler, J., dissenting.

**ROSSMAN, J.**

Plaintiffs brought this action for damages for breach of a contract in which plaintiffs had given defendant an option to lease certain real property in Multnomah County. By stipulation, the case was tried to the court without a jury and no record was made of the proceedings. After making special findings of fact and conclusions of law, the court entered judgment for plaintiffs for $10,050. On appeal, defendant contends that the trial court's findings of fact are unresponsive to the issues framed by the pleadings and do not support its conclusions of law. We disagree and, accordingly, affirm.

In their second amended complaint, plaintiffs alleged that on March 30, 1981, the parties entered into a contract whereby defendant was granted a one-year option to obtain a lease of described real property; that the contract provided that defendant would pay $1,005 per month on the first day of each month as consideration for the option; and that the option expired on April 1, 1982, at which time defendant owed plaintiffs $10,050, which it had failed to pay. Plaintiffs appended a copy of the option agreement, entitled "Option to Ground Lease Property," to the second amended complaint. In its answer, defendant admitted having entered into an agreement on March 30, 1981, but denied the remaining allegations of the complaint.

The "Option to Ground Lease Property" provided that, within 45 days of its execution, the parties would draft and approve a "Ground Lease Agreement." The agreement specified at length the conditions under which the subject property would be leased and developed. Only one paragraph of the agreement, however, entitled "Consideration and Terms," addressed the terms of the option. That paragraph, the interpretation of which provides the basis of the dispute between the parties, provides:

> "Consideration for this Option is ONE THOUSAND FIVE and no/100ths DOLLARS ($1,005.00) cash on the first (1st) day of each month to Optionor, on a month-to-month basis thereafter, but not to exceed twelve (12) months from the date of this agreement."

The court made findings of fact and conclusions of law:

## "FINDINGS OF FACT

### "I.

"Plaintiffs and defendant entered into an option to ground lease dated Match *[sic]* 30, 1981.

### "II.

"The consideration for the option was $1,005 per month for not to exceed 12 months.

### "III.

"Defendant made two monthly payments upon the option. When further payments were not forth coming *[sic]*, plaintiffs requested defendant to indicate in writing whether or not it had terminated the option contract. Defendant refused to do so.

### "IV.

"On page 10 of the option to ground lease property, there is a 'notice' section which states:

" 'It is agreed and understood by and between Optionor and Optionee that any notice to be given under the terms of this Option may be served upon a party personally, or served by certified mail, Return Receipt Requested, addressed to the parties at their last known address * * *.'

### "V.

"The option to ground lease makes no other reference to 'notice'.

## *"CONCLUSIONS OF LAW*

### "I.

"The agreement of the parties created a month-to-month option not to exceed 12 months. The consideration for the option was $1,005, payable on the first day of each month the option remained in effect.

### "II.

"The defendant did not terminated *[sic]* the option to lease during its term, and therefore,

"Plaintiff is entitled to recover from defendant the sum of $10,050, i.e., 10 payments at $1,005."

We note at the outset that we are severely hampered in our review of this case by the lack of any transcript of the proceedings below. For all we know, defendant may have

orally waived at trial any or all of the assertions that it makes on appeal. Nevertheless, we shall endeavor to respond to its assignments on the merits.

■ Defendant argues that the court's findings do not support the judgment. In general, findings of fact can be inadequate in three situations: (1) when they are not supported by any competent, substantial evidence, *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 217, 358 P2d 1062, 368 P2d 737 (1962); (2) when they are unresponsive to or outside the issues framed by the pleadings, *Larsen v. Martin,* 172 Or 605, 611, 143 P2d 239 (1943); (3) when they do not support the conclusions of law on which judgment is based. *See Hawkins v. Teeples and Thatcher,* 267 Or 151, 158, 515 P2d 927 (1973). Because there was no transcript made of the proceedings, we are required to assume that there was evidence to support all of the findings. Similarly, we are unable to determine whether the findings are responsive to the pleadings. Without a record, we have no way of knowing how the issues were tried or if the pleadings were orally amended to conform to the proof that was adduced at trial. ORCP 23B.

■ ■ Therefore, the only issue is whether the findings support the conclusions of law. Findings are insufficient to support the conclusions and the judgment when they are so inconsistent, confusing, vague or indefinite that this court cannot determine the facts that the trial court intended to find. *Hawkins v. Teeples and Thatcher, supra,* 267 Or at 158. Although the findings here may not be exemplary, it is obvious what the trial court intended to find, and we believe that its conclusions logically follow.

Findings I and II recite that the parties entered into an option on March 30, 1981, at a price of $1,005 per month, for not to exceed 12 months. Finding III explains that defendant made only two payments and thereafter refused, despite plaintiff's request, to indicate in writing whether it had terminated the agreement. Findings IV and V discuss the notice requirements of the option contract.

Conclusion I states that the parties created a month-to-month option for up to 12 months. That conclusion is supported by findings I and II. Apparently, the trial judge found no latent or patent ambiguities in the contract and interpreted it quite literally. Conclusion II says that the

contract was never terminated and that defendant is liable for ten monthly payments. In reaching that conclusion, the court implicitly held that the contract required formal termination. We are in no position, especially when we are without any record to guide us, to hold that his construction of the contract was wrong; so, we must accept it. Moreover, we are entitled to presume that, as to facts not expressly stated as findings, the court found facts that are consistent with the ultimate conclusions. *See Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). Accordingly, we conclude that the findings adequately support the judgment.

■ Having decided this case on the merits, we pause to take this opportunity to alert the members of the bar of the potential pitfalls of agreeing to have a trial in circuit court without an official court reporter in attendance. Those who are prepared to enter into such a stipulation might as well take the next logical step and expressly waive any right to appeal, because—in most instances—that will be the likely effect of taking the first step.

Affirmed.

**BUTTLER, J.,** dissenting.

The majority appears to agree that the question is whether the trial court's findings support its conclusions. 73 Or App at 315. It sets forth the findings and conclusions in their entirety and then states: "Although these findings here may not be exemplary, it is obvious what the trial court intended to find, and we believe its conclusions logically follow." 73 Or App at 315. It then summarizes the basis for its decision:

> "* * * Apparently, the trial judge found no latent or patent ambiguities in the contract and interpreted it quite literally. Conclusion II says that the contract was never terminated and that defendant is liable for ten monthly payments. In reaching that conclusion, the court implicitly held that the contract required formal termination. We are in no position, especially when we are without any record to guide us, to hold that his construction of the contract was wrong; so, we must accept it. Moreover, we are entitled to presume that, as to facts not expressly stated as findings, the court found the facts that are consistent with the ultimate conclusions. *See Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). Accordingly, we conclude

that the findings adequately support the judgment." 73 Or App at 315.

That reasoning is comprised of a mixed bag of errors of law and non sequiturs. If the trial court found that the contract was unambiguous (and there is no such finding), the issue would have been strictly one of law, *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 576 P2d 1244 (1978), and the findings would be irrelevant. Although the majority says that we must accept the trial court's construction of an unambiguous contract, that is wrong. If the sole issue is one of law, we are not bound by the trial court's decision, in which case I would respectfully disagree that the contract requires written notice to "terminate" the option. Rather, the optionee's failure to make the monthly payment required to keep the option alive terminated its option rights. Accordingly, if that is what the trial court did, I would reverse outright.

However, without a record and without any finding that the contract is unambiguous, I would assume for the purpose of our review that the evidence of the circumstances surrounding the making of the contract might have permitted the trial court to find that there is a latent ambiguity and that there was admissible evidence to support a finding that the parties intended that the option could be terminated only by written notice from the optionee. If those findings had been made, the judgment would be unassailable. However, they were not, and the findings that were made do not support the trial court's conclusion and judgment.

Apparently, the majority relies on *Ball v. Gladden, supra,* for the proposition that, in a civil case when special findings are requested pursuant to ORCP 62,[1] we may assume that the trial court made findings that are not expressed. Although that would be true if the court had found generally for plaintiff, it cannot be true when there are special findings. If that were not the case, there would be no significance to special findings, which cannot be both general and special. *Larsen v. Martin,* 172 Or 605, 143 P2d 239 (1943). With or without a record, they must support the judgment. Here, they do not.

---

[1] The parties agreed at oral argument that special findings were requested.

Accordingly, I would reverse and remand for additional findings, on the assumption that the trial court can make them. If it cannot do so, defendant prevails.

Newman, J., joins in this dissent.