Argued and submitted April 11, judgment for restitution of premises and attorney fees
reversed, otherwise affirmed November 12, 1986

AMATISTO,
*Respondent,*

*v.*

PAZ,
*Appellant.*

(BC85-804; CA A36794)

728 P2d 42

Michael H. Marcus, Legal Aid Service, Portland, argued the cause for appellant. On the briefs was David S. Tilton, Oregon Legal Services Corp., Coos Bay.

John B. Trew, North Bend, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., concurring in part, dissenting in part.

**ROSSMAN, J.**

This is an action for forcible entry and detainer (FED) for nonpayment of rent for a residence. Defendant (tenant) counterclaimed, alleging various habitability violations. The trial court held that tenant had failed to prove her counterclaims and that the full amount of rent was owing. Accordingly, judgment was entered awarding rent, possession and attorney fees to landlord.

Tenant rented a house from landlord, pursuant to a written rental agreement. Although the facts were strenuously disputed, it appears that, from the beginning of the tenancy, tenant complained to landlord numerous times about alleged deficiencies in the house, including a defective woodstove and leaky roof. It is undisputed that the roof leaked enough to damage the ceilings in two closets and the second story bathroom. Tenant testified that the woodstove, the sole source of heat for the lower floor of the house, spewed smoke every time that it was used. Landlord asserted that the smokiness was caused by tenant's improper use of the stove. Other alleged violations, including a nonfunctional smoke alarm, broken window locks, rotting foundations and lack of protective covers on electrical switches, were denied by landlord. The trial court concluded that tenant had not sustained her burden of proof on any of the alleged habitability violations.

Tenant first contends that the trial court's conclusion that the house was habitable is not supported by the evidence. The Oregon Residential Landlord and Tenant Act (ORLTA), ORS 91.700 to 91.895, provides that "[a] landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition." ORS 91.770(1). A dwelling is unhabitable "if it substantially lacks:

"(a) Effective waterproofing and weather protection of roof and exterior walls, including windows and doors;

"* * * * *

"(d) Adequate heating facilities which conform to applicable law at the time of installation and maintained in good working order;

"(e) Electrical lighting with wiring and electrical equipment which conform to applicable law at the time of installation and maintained in good working order;

"(f)  Building, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin;

"* * * * *

"(h)  Floors, walls, ceilings, stairways and railings maintained in good repair;

"* * * * *

"(j)  Safety from the hazards of fire; or

"(k)  Working locks for all dwelling entrance doors, and, unless contrary to applicable law, latches for all windows, by which access may be had to that portion of the premises which the tenant is entitled under the rental agreement to occupy to the exclusion of others and keys for such locks which require keys." ORS 91.770(1).

The trial court heard the evidence on the various allegations, weighed it, assessed the credibility of the witnesses and reached a conclusion that tenant had not met her burden of proof. There is evidence to support the court's finding that the deficiencies were not "substantial," and we cannot disturb it on appeal.[1]

Second, tenant argues that, even if she fails to prove her habitability counterclaims, she withheld rent in good faith and is entitled to continue in possession. This raises a question of first impression in Oregon, the answer to which is discernible only after careful consideration of the ORLTA and its purpose.

ORS 91.770(1) requires that a landlord provide a tenant with a dwelling that is habitable, as defined in the

---

[1] We do not mean to say that photographs and tenant's testimony could not be sufficient, in some cases, to establish that a residence is unhabitable. We are merely saying that, in *this* case, the evidence supports the trial court's finding that this house was not unhabitable.

Tenant makes much of landlord's stipulation that she paid $61 to have the chimney cleaned. Merely stipulating that the amount was paid does not mean that landlord admitted the chimney cleaning was necessitated by any violations of his obligations under the ORLTA. The trial court apparently found that the need for chimney cleaning was not a habitability violation.

statute. A tenant has various remedies for a landlord's violation of ORS 91.770, including, *inter alia,* terminating the tenancy, ORS 91.800(1), recovering damages or obtaining an injunction, ORS 91.800(2), and, for failure to provide essential services, procuring the services and deducting the cost from the rent. ORS 91.805(1). In addition, the statute operates to provide a rent withholding remedy. A tenant may refuse to pay the rent due to alleged violations of ORS 91.770. If the landlord then brings an FED action for nonpayment of rent under ORS 105.115(2), the tenant may counterclaim for damages and an injunction for violations of the habitability provisions of ORS 91.770. ORLTA is applied in an FED action

"to determine the rights of the parties, including:

"(a)  Whether and in what amount rent is due;

"(b)  Whether a tenancy or rental agreement has been validly terminated; and

"(c)  Whether the tenant is entitled to remedies for retaliatory conduct by the landlord as provided by ORS 91.865 and 91.870." ORS 105.115(3).

Finally, ORS 91.810(1) provides:

"In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 91.700 to 91.900. In the event the tenant counterclaims, the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section, judgment shall be entered for the tenant in the action for possession."

Thus, the tenant may force the landlord to correct habitability violations or risk reduction or total loss of rent.

The statute is unambiguous. Its clear language provides that, "if a tenant counterclaims and tenders into court any outstanding rent, the tenant is entitled to retain possession provided the counterclaim award *plus* the tendered rent equal or exceed the amount of rent adjudicated due." *Napolski v. Champney,* 295 Or 408, 417, 667 P2d 1013 (1983). (Emphasis in original.) There is no express requirement that the tenant prevail on the habitability counterclaim.

■ Here, tenant asserted a counterclaim based on the habitability statute and, when ordered to do so, paid the rent into court.[2] The trial court found against her on her counterclaims and ordered the entire rent to be paid to landlord. $2,000 had been paid into court, and $2,000 was adjudicated due. Thus, according to the plain language of the statute, tenant is entitled to retain possession.

Landlord argues that such a result is absurd because, if that is the law, "a tenant could avoid paying rent for months, raise counterclaims, force the landlord to hire an attorney, borrow the money to pay rent into court, lose on all of her counterclaims and still be awarded possession." Landlord fails to mention, however, that ORS 91.730 imposes an obligation of good faith as a prerequisite to asserting the rights and remedies under the act and that "[s]purious, frivolous, or improperly motivated counterclaims may not be used to justify a tenant's rent withholding." *Napolski v. Champney, supra,* 295 Or at 419. Further, the rent-into-court scheme protects landlords when there is a bona fide dispute over habitability deficiencies in the rental property. That the tenant is unable to meet the burden of proof should not result in removal from her home.

■ Thus, it becomes clear that the question of tenant's good faith or bad faith is the heart of the matter. Although we could send the case back to the trial court for a finding on the record, a remand is not necessary. First, neither party requested findings on the good faith question. Second, the trial court denied landlord's claim for damages for unlawful holdover, which alleged that "tenant's holdover is wilful, not

---

[2] Plaintiff complains that defendant waited to pay the rent into court until ordered to do so and that she had to borrow the money to pay into court. A tenant need not pay rent into court voluntarily in order to reap the benefits of the statute.

in good faith and in violation of ORS 91.855(3)." The trial court recognized that tenant's counterclaims had some merit, although it determined that the problems were not serious enough to constitute habitability violations:

"The, there is no question but that the roof leaked. * * *

"* * * * *

"* * * Obviously the leaks occurred. Uh, what I'm really doing, is discussing * * * whether or not that's a substantial habitability violation. * * * This place as a judge in one of these cases said 'not the east wing of the palace' - that's certainly true. And, uh, the judge there was criticized for overlooking the obvious habitability violations, uh, and I suppose I run the risk of being criticized the same way but I just have to say that I cannot feel, or, in my opinion, the finding of fact *those violations which admittedly existed, are not substantial enough* to make the place uninhabitable to allow the defendant's counterclaim, so I am denying it for failure of carrying the burden of proof as to being substantial violations of the sections. I also do not find for plaintiff on the claim for, uh, I'm not imputing anything, uh, wrong in what she's done or anything of that sort. * * *" (Emphasis supplied.)

No purpose would be served in remanding for explicit findings on the good faith issue.

■■ Our result is consistent with one of the purposes of ORLTA, which is "to provide a means to enforce the obligation of landlords to maintain premises in a habitable condition while allowing tenants to remain upon such premises.* * *" *L & M Investment Co. v. Morrison,* 286 Or 397, 407, 594 P2d 1238 (1979). The effect of the withholding remedy is to shift to the landlord the burden of commencing litigation to resolve the dispute. *Napolski v. Champney, supra,* 295 Or at 418. The idea behind the statutory scheme is to allow the tenant to get needed repairs without having to move. If a tenant thinks that she has a valid claim, she should not have to risk losing possession in the event she is wrong.

Landlord argues that *Napolski v. Champney, supra,* should not be applied here to allow tenant to retain possession because the facts differ. We agree. Tenant retains possession, not because of *Napolski,* which allowed the tenant to retain possession when she prevailed on a counterclaim for less than the rent due, but because of the plain language of the statute.

*Napolski,* however, suggests this result in note 17, where the court addresses the question of attorney fees: "We express no opinion as to which party would be the prevailing one if the tenant *loses* on the counterclaim but nonetheless *retains possession* by the operation of ORS 91.810(1)." 295 Or at 420 n 17. (Emphasis supplied.)

■ Finally,[3] we must address precisely the question reserved in the note: Who is entitled to attorney fees when the tenant loses on the counterclaim but nonetheless retains possession by operation of the statute? ORS 91.755 provides:

> "In any action on a rental agreement or arising under ORS 91.700 to 91.895, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

Here, final judgment is rendered for possession to tenant, rent to landlord and for landlord on the counterclaims. This outcome is too inconclusive to warrant a discretionary award of attorney fees to either party. *See Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978).

Judgment of restitution of the premises and attorney fees reversed; otherwise affirmed.

**WARREN, J.,** concurring in part; dissenting in part.

I concur with the majority's conclusion that tenant should not prevail on her counterclaims and that plaintiff was entitled to the rent paid into court. I also agree that when a tenant, in good faith, claims that the premises are not habitable and withholds rent and tenders it into court, she need not prevail on the counterclaims to retain possession.

I do not, however, agree that the trial court erred in awarding possession to the landlord in this case. Neither party requested special findings. The majority ignores the significance of that fact. It is rule of appellate practice that, when

---

[3] Tenant's other assignments of error are without merit, and we do not address them.

neither party requests special findings, we assume that the trial court found the facts supporting its judgment. *See Helmer v. Transamerica Title Insurance Co.,* 279 Or 457, 464, 569 P2d 10 (1977); *Ierulli v. Lutz Development Co.,* 73 Or App 311, 316, 698 P2d 504 (1985). There was substantial evidence from which the trial court could have found that the tenant made her counterclaims in bad faith and we should assume that it did.

I would affirm the trial court in all respects and would award landlord his attorney fees on appeal.