Submitted on remand from the Oregon Supreme
Court May 15, 1979, affirmed as modified and remanded
with instructions February 5, reconsideration denied April 9,
petition for review denied June 17, 1980 (289 Or 275)

# L & M INVESTMENT CO.,
*Appellant,*

*v.*

# MORRISON, et ux,
*Respondents.*

## (No. 166-925, CA 8310)

605 P2d 1347

James Scudder, Portland, argued the cause for appellant. With him on the briefs was Reuben Lenske, Portland, appearing *pro se.*

Michael Schumann, Legal Aid Service, Portland, argued the cause for respondents. With him on the briefs were Greg Bennett, Richard Forester, Michael H. Marcus, Gary Roberts, Louis Savage, Ralph Smith, and Beverly Stein, Legal Aid Service, Portland.

Before Schwab, Chief Judge, and Lee, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

This action for possession of residential real property is here on remand from the Supreme Court, *L & M Investment Co v. Morrison,* 286 Or 397, 594 P2d 1238 (1979). In reversing this court, (34 Or App 231, 578 P2d 462 (1978), on reconsideration, 35 Or App 821, 583 P2d 19 (1978)), the Supreme Court held that ORS 91.800(2)[1] provides a remedy for injunctive relief and damages independent of other provisions of the Oregon Residential Landlord and Tenant Act to enforce the landlord's obligations under that Act. The court did not say what injunctive relief or damages are permitted under ORS 91.800(2), but left that question to this court in considering the landlord's assignments of error which we had found unnecessary to consider in our prior disposition of the case.

The facts are set forth in those prior opinions and will not be repeated here except to the extent necessary to explain the context of our discussion of the issues. Not all assignments of error will be considered for the reasons hereinafter set forth.

The landlord contends that the trial court erred in awarding damages to the tenant on the latter's counterclaim for diminished rental value of the premises because of their failure to meet the habitability requirements of the Act. ORS 91.770. The landlord argues only that there was no evidence to support the award, not that such damages are not recoverable. We consider only the evidentiary question raised, and conclude there was sufficient evidence. The rental agreement was in evidence, and showed the amount of the monthly rental payments agreed upon. Because the Act requires the landlord to maintain the premises

---

[1] ORS 91.800(2) provides:

"Except as provided in ORS 91.700 to 91.895, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 91.770."

in a habitable condition, ORS 91.770(1),[2] it is presumed that the stated rental is for premises in a habitable condition and the landlord is estopped from contending otherwise, at least in the absence of an express written agreement pursuant to ORS

[2] ORS 91.770(1) provides:

"(1) A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"(a) Effective waterproofing and weather protection of roof and exterior walls, including windows and doors;

"(b) Plumbing facilities which conform to applicable law in effect at the time of installation, and maintained in good working order;

"(c) A water supply approved under applicable law, which is:

"(A) Under the control of the tenant or landlord and is capable of producing hot and cold running water;

"(B) Furnished to appropriate fixtures; and

"(C) Connected to a sewage disposal system approved under applicable law and maintained in good working order to the extent that the system can be controlled by the landlord;

"(d) Adequate heating facilities which conform to applicable law at the time of installation and maintained in good working order;

"(e) Electrical lighting with wiring and electrical equipment which conform to applicable law at the time of installation and maintained in good working order;

"(f) Building, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin;

"(g) An adequate number of appropriate receptacles for garbage and rubbish in clean condition and good repair at the time of the commencement of the lease or rental agreement, and the landlord shall provide and maintain appropriate serviceable receptacles thereafter and arrange for their removal unless the parties by written agreement provide otherwise;

"(h) Floors, walls, ceilings, stairways and railings maintained in good repair;

"(i) Ventilating, air conditioning and other facilities and appliances, including elevators, maintained in good repair if supplied or required to be supplied by the landlord; or

"(j) Safety from the hazards of fire."

[312]

91.770(2),[3] not here involved. The tenant testified that the rental value was diminished by 75 percent of the stated rental because of the defects in the premises, about which she testified. Pictures of some of those defects, which violate ORS 91.770(1), are in evidence. *See Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964). That evidence, although meager, was sufficient to permit the trial court to calculate a dollar amount by which the rental value of the premises was diminished. This is what it did.

The landlord next assigns as error the trial court's "granting defendant a permanent injunction virtually alienating the property from plaintiff and granting it permanently almost for nothing to defendant." The landlord is mistaken in its characterization of the portion of the judgment to which this assignment of error pertains, and in referring to it as an "injunction." The trial court enjoined nothing by this part of the judgment; the court simply ruled against the landlord in the action for possession. That ruling was required by ORS 91.810(1), because the damages awarded the tenant on her counterclaims exceeded the amount of unpaid rent the landlord claimed was due.

Next it is contended that the trial court erred in including the following provision in its judgment order:

"Awarding Defendant a Mandatory Injunction on the First Counterclaim, ordering Plaintiff to repair

---

[3] ORS 91.770(2) provides:

"(2) The landlord and tenant may agree in writing that the tenant is to perform specified repairs, maintenance tasks and minor remodeling only if:

"(a) The agreement of the parties is entered into in good faith and not for the purpose of evading the obligations of the landlord.

"(b) The agreement does not diminish the obligations of the landlord to other tenants in the premises; and

"(c) The terms and conditions of the agreement are clearly and fairly disclosed and adequate consideration for the agreement is specifically stated."

[313]

forthwith all items listed in Appendix A of Defendant's Answer, Affirmative Defenses and Counterclaims to bring the premises into compliance with the City of Portland Housing Codes and all habitability requirements of the Residential Landlord and Tenant Act."[4]

The Supreme Court held that ORS 91.800(2) provides remedies independent of other provisions of the Act; that subsection states that the "tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 91.770." The general purport of the challenged paragraph of the judgment appears to be an appropriate form of injunctive relief under ORS 91.800(2) insofar as it requires the landlord to meet the habability requirements of the Act contained in ORS 91.770. In our view, however, the trial court exceeded the remedial authority granted by ORS 91.800(2) by also requiring the landlord to "bring the premises into compliance with the City of Portland Housing Codes," to the extent such code compliance is not embodied in, or does not coincide with, the habitability requirements of ORS 91.770. The Act, unlike the Uniform Residential Landlord and Tenant Act after which it is patterned, does not tie the habitability requirements to current housing and building codes. We conclude that the injunctive powers authorized by ORS 91.800(2) do not permit the court to require code compliance which is greater than that mandated by the rental agreement or ORS 91.770.

To illustrate: ORS 91.770(1)(b) requires the landlord to provide:

"Plumbing facilities which conform to applicable law in effect *at the time of installation,* and maintained in good working order." (Emphasis added.)

The reference to "applicable law in effect at the time of installation" is recurrent in ORS 91.770 in connection

---

[4] We note that the injunctive provision, by its terms, runs solely in favor of defendant.

with several of its habitability requirements. Conversely, at least one of the habitability provisions of ORS 91.770, subsection (1)(c)'s requirement of a "water supply approved under applicable law," does not apply only to "the time of installation."

The term "applicable law" used in ORS 91.770 includes city and other applicable housing codes. Where ORS 91.770 expressly provides that habitability may consist of something other or less than compliance with *current* codes, the court's power under ORS 91.800(2) to enforce ORS 91.770 does not extend to the enforcement of current codes.

We do not suggest that compliance with housing codes cannot be essential, in some instances, to compliance with the habitability provisions of ORS 91.770. To use subsection (1)(b) as an example again, plumbing facilities must be maintained after installation as well as conforming with applicable law at the time of installation. It is possible that maintenance may not be adequate in some circumstances unless the facilities are brought into compliance with current codes. However, the scope of relief under ORS 91.800(2) is limited to remedying noncompliance with the rental agreement or ORS 91.770. While conformance with current housing codes can sometimes be required by the rental agreement or be explicit or implicit in provisions of ORS 91.770, an injunction under ORS 91.800(2) cannot compel code compliance independently of any requirement therefor in the rental agreement or ORS 91.770. The trial court's injunction here purports to do so.

Therefore, we hold that the reference to the City of Portland Housing Code must be deleted from the quoted paragraph of the judgment. In other respects that paragraph is affirmed.

The landlord's next assignment of error is that the court erred in awarding defendant $300 attorney fees, because the defendant adduced no evidence to

support that award. *See Pritchett v. Fry,* 286 Or 189, 593 P2d 1133 (1979). However, the landlord did not object at trial to the award of attorney fees, or in any way challenge the pleadings or the sufficiency of the evidence relating to the award. Consequently, the challenge to the award of attorney fees cannot be made in this court. *Lord Electric Co. v. Pac. Intermountain Exp. Co.,* 282 Or 335, 578 P2d 776 (1978).

The landlord further contends that it was error for the trial court to award damages to the tenant for retaliatory conduct. The landlord's argument is that the tenant did not complain about the condition of the premises either to the landlord or to public authorities prior to the initiation of this action for possession, and therefore the bringing of the action was not retaliatory within the meaning of ORS 91.865.[5] However, that

[5] ORS 91.865 provides:

"(1) Except as provided in this section, a landlord may not retaliate by increasing rent or decreasing services or by bringing or threatening to bring an action for possession after:

"(a) The tenant has complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety;

"(b) The tenant has complained to the landlord of a violation under ORS 91.770; or

"(c) The tenant has organized or become a member of a tenants' union or similar organization.

"(2) If the landlord acts in violation of subsection (1) of this section the tenant is entitled to the remedies provided in ORS 91.815 and has a defense in any retaliatory action against him for possession. In an action by or against the tenant, evidence of a complaint within six months before the alleged act of retaliation creates a disputable presumption that the landlord's conduct was in retaliation. The presumption does not arise if the tenant made the complaint after notice of a proposed rent increase or diminution of services.

"(3) Notwithstanding subsections (1) and (2) of this section, a landlord may bring an action for possession if:

"(a) The violation of the applicable building or housing code was caused primarily by lack of reasonable care by the tenant or other person in his household or upon the premises with his consent;

question is a factual one and there was ample evidence from which the trial court could find that such complaints were made. The landlord does *not* contend that ORS 91.865(3)(b) excepts the bringing of this action from what would otherwise be statutory retaliatory conduct. That subsection provides in substance that a landlord may bring an action for possession against a tenant who has registered complaints, without the action being presumed retaliatory, if the "tenant is in default in rent." Because the landlord does not raise that issue, it is unnecessary for us to decide here whether ORS 91.865(3)(b) applies to situations like this where the tenant's damages exceed the rent due, as a result of which the landlord is not entitled to prevail in the action for possession and is not entitled to the rent claimed. ORS 91.810(1).

The landlord also contends that the trial court erred in awarding defendant $250 damages for mental distress. Its argument, however, is not that such damages are not recoverable under the Act (*see Ficker v. Diefenbach,* 34 Or App 241, 578 P2d 467 (1978), *rev den* 285 Or 195 (1979)), but only that there is insufficient evidence to support emotional distress damages.

In *Ficker,* we held that damages for emotional distress are not recoverable under the Act. That case and this case were consolidated on petition for review. The Supreme Court granted review in this case, but denied review in *Ficker.* Although we would normally assume that our decision in *Ficker* represents the state of the law on this question, the subsequent decision in *Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979), indicates there may be some doubt on that issue under

"(b) The tenant is in default in rent; or

"(c) Compliance with the applicable building or housing code requires alteration, remodeling or demolition which would effectively deprive the tenant of use of the dwelling unit.

"(4) The maintenance of an action under subsection (3) of this section does not release the landlord from liability under subsection (2) of ORS 91.800."

[317]

certain circumstances, although *Ficker* was not disapproved. We need not, and do not, decide that question here.

We decide only that there is sufficient evidence to support those damages assuming, without deciding, that they are recoverable. The award of the damages for mental distress is therefore affirmed.

The landlord's other assignments of error do not comply with Rule 7.19 of this court; we decline to search the record to consider them.

The judgment of the trial court is affirmed as modified and the case is remanded to the trial court with instructions to enter a judgment consistent with this opinion.