Argued and submitted January 18, affirmed April 26,
reconsideration denied June 24,
petition for review denied July 27, 1982 (293 Or 394)

LANE,
*Appellant,*
*v.*
KELLEY et al,
*Respondents.*

(No. 124,551, CA A20729)

643 P2d 1375

Robert M. Atkinson, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the briefs for appellant.

Kathleen A. Evans, Certified Law Student, Salem, argued the cause for respondents. On the brief were Dale L. Crandall and Crothers & Crandall, Salem.

Before Richardson, Presiding Judge, Thornton, Judge, and Fort, Senior Judge.*

# FORT, S. J.

---

* Fort, S.J., *vice* Van Hoomissen, J.

## FORT, S. J.

This case was brought by a tenant against a landlord, alleging violations of the Oregon Residential Landlord and Tenant Act. ORS 91.770. Plaintiff sought damages both for failure to maintain the premises in habitable condition and for water damage to her personal property resulting from leakage. For the former she claimed reduction of rent from the agreed monthly rental of $325 to $125 per month for the full 12-month period of her occupancy, totaling $2,400. For the damaged personal property, the value of $700 was alleged. Defendants counterclaimed for three months' unpaid rent totaling $975.

At the conclusion of plaintiff's case defendants moved to strike from the complaint the following allegation:

"(1) Plaintiff's mutual obligation to payment has been diminished by an average of $200.00 per month since the inception of the rental agreement. Plaintiff has therefore overpaid defendants, and has been damaged thus far in the amount of $2400.00."

The court allowed the motion. Thereafter, pursuant to defendants' motion, the court dismissed the complaint. Defendants then proceeded on their cross-complaint. The court found in their favor and entered judgment accordingly against the plaintiff on her complaint and for defendants on their cross-complaint. Plaintiff appeals.

The first assignment charges error in granting defendants' motion to strike plaintiff's claim for damages and also the granting of the motion to dismiss. The principal issue relates to proof of damages resulting from violation of certain habitability requirements of ORS 91.770. The court, sitting without a jury, stated at the time of the oral ruling:

"* * * Of course you know I am sitting here as trier of fact as well as trier of law. * * * There has been no proof at all of the reasonable rental value of the premises before or after. * * * But there has simply been a failure of proof and that is the basis for my ruling on these motions."

Plaintiff relies on our decision in *L & M Investment Co. v. Morrison,* 44 Or App 309, 605 P2d 1347, *rev den* 289 Or 275 (1980). In that case, we considered the question of damages and said:

"* * * The tenant testified that the rental value was diminished by 75 percent of the stated rental because of the defects in the premises, about which she testified. Pictures of some of those defects, which violate ORS 91.770(1), are in evidence. *See Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964). That evidence, *although meager, was sufficient to permit the trial court to calculate a dollar amount by which the rental value of the premises was diminished. This is what it did.*" (Emphasis added.) 44 Or App at 313.

In the case at bar there is no evidence concerning by what amount, if any, the conditions claimed to render the house unhabitable diminished the agreed rental of $325, either in percentage or in dollars.

Plaintiff does not contend that she offered any such evidence, but rather argues that it is unnecessary. During the trial and prior to the rulings, the judge called plaintiff's attention to the total absence of any such evidence and stated that he considered plaintiff's opinion thereon would be competent. Plaintiff, although stating "Perhaps it would be competent," made no request to reopen or otherwise to offer such evidence. There can be no doubt but that it would, properly presented, have been admissible. *L & M Investment Co. v. Morrison, supra,* so holds. *See Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964).

Recently, in *Park West Mgt v. Mitchell,* 47 NY2d 316, 418 NYS2d 310 391 NE2d 1288 (1979), the New York Court of Appeals considered, in a landlord—tenant case, the rules relating to damages for breach by the landlord of the habitability requirement.

"Problematical in these cases is the method of ascertaining damages occasioned by the landlord's breach. That damages are not susceptible to precise determination does not insulate the landlord from liability * * *. Inasmuch as the duty of the tenant to pay rent is coextensive with the landlord's duty to maintain the premises in habitable condition, the proper measure of damages for breach of the warranty is the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach. The award may

take the form of a sum of money awarded the tenant in a plenary action or a percentage reduction of the contracted-for rent as a setoff in summary nonpayment proceeding in which the tenant counterclaims or pleads as a defense breach by the landlord of his duty to maintain the premises in habitable condition. We do not comment upon the availability of other remedies not implicated under the facts presented here.

"In ascertaining damages, the finder of fact must weigh the severity of the violation and duration of the conditions giving rise to the breach as well as the effectiveness of steps taken by the landlord to abate those conditions. Since both sides will ordinarily be intimately familiar with the conditions of the premises both before and after the breach, they are competent to give their opinion as to the diminution in value occasioned by the breach * * *." 47 NY2d at 329-30.

■ ■ Plaintiff claims in her brief that the fair market rental value of the demised premises during the periods of unhabitability is in effect irrelevant and that the trial court committed a "conceptual error" in its belief that such evidence could well be an important evidentiary fact. We agree with the rule announced in *Park West Mgt v. Mitchell, supra,* and hold that a proper measure of damages for breach of the warranty of habitability under ORS 91.770 is the difference between the fair market rental value of the premises as measured by the rent reserved under the lease and the fair market rental value during the period of the breach. Plaintiff failed to prove the latter element.[1]

In her brief plaintiff contends that the trial court struck the allegations relating to damage of her personalty in the amount of $700. The record shows to the contrary. When that motion was made by defendant, the court denied

---

[1] The parties argue at some length regarding whether defendants' motion was a motion to strike for insufficient evidence or was a motion under ORCP 54B (2) to dismiss on the ground of failure to prove damages. Whatever the character of defendants' motion, it was properly allowed because, as the trial court found, there was no evidence as to the amount or the percentage by which the rental value of the residence was reduced by the habitability defects. Although it may be presumed that violations of the habitability requirements of the statute have diminished the rental value in some measure, plaintiff had to establish the measure. There was no evidence as to the size of the residence, its overall character and condition or the relationship of the part rendered unhabitable to the balance of the house.

it and held that there was some evidence supporting the allegation.[2]

The court's subsequent ruling on the motion to dismiss was made in its capacity as trier of fact—the same function as that performed by a jury had there been one here. The parties agree that ours is not a *de novo* review. As such it is elementary that the ruling is not subject to reexamination in this court if there was any substantial evidence to support it. There was no error.

The remaining assignment of error is without merit.

Affirmed.

---

[2]

"I will deny that motion for the reason there is evidence of some damage and some competent evidence of valuation and I would say I don't think there is proof of $700 worth of damage, but that would go to the weight of the testimony. There is evidence which would support that allegation, so your motion to strike is denied."