Argued and submitted November 21, 1983, reversed and remanded for further proceedings February 22, 1984

## GILBERT,
*Appellant,*

*v.*

## DISTRICT COURT OF KLAMATH COUNTY,
*Respondent,*

*and*

## CASTLE,
*Respondent.*

(83-036 CV; CA A27730)

676 P2d 917

Mark A. Peterson, Klamath Falls, argued the cause and filed the brief for appellant.

No appearance by respondents.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

Van Hoomissen, J., dissenting.

**NEWMAN, J.**

Landlord (defendant in this writ of review proceeding) brought an action for forcible entry and detainer in the district court. He had rented a residence to plaintiff for $125 per month, commencing November, 1981. Plaintiff did not pay the rent for June, 1982. He counterclaimed in the FED action, alleging breach of the statutory duty to maintain the premises in a habitable condition, ORS 91.770, and retaliatory eviction. ORS 91.865. The district court awarded possession to landlord and denied the counterclaims. It found:

> "The evidence was sufficient to establish that the premises were habitable and worth at least $125 per month, and that the eviction was not retaliatory, and that defendant caused at least part of the problem of which he complains."

On the writ of review for which plaintiff petitioned, the circuit court found that the district court's judgment was supported by substantial evidence and affirmed. ORS 34.020; ORS 34.040(3). On appeal, plaintiff does not challenge landlord's right to possession or the court's denial of the counterclaim for retaliatory eviction. He assigns as error that the circuit court affirmed the judgment when there was "no substantial evidence" to support the finding that the premises were habitable or that he owes rent. He argues, and we interpret his assignment to include, that because landlord breached the habitability requirements, plaintiff is entitled to damages measured by the difference between the agreed rental and the fair rental. ORS 91.805(1)(b). We affirm in part and reverse in part.[1]

Landlord contended that, for a month's rental of $125, the tenant could not expect "the east wing of the palace." There is, however, no substantial evidence to support the district court's finding of habitability. On the contrary, the overwhelming evidence shows that premises were not habitable.[2] *See* ORS 91.770.

There is evidence in the record from which the district court can calculate the amount that breach of the

---

[1] Defendant did not file a brief or otherwise appear in this court.

[2] The defects included bare electric wires, cracks through which rain seeped, windows and doors that were not weathertight, a malfunctioning stove and refrigerator, holes in the living room walls, mold in the bedrooms and leaking toilet and shower.

statutory duty to maintain the residence in a habitable condition diminished the rental value of the premises. Plaintiff testified that the diminished rental value of the dwelling was $100 a month. As this court stated in *L & M Investment Co. v. Morrison,* 44 Or App 309, 312, 605 P2d 1347, *rev den* 289 Or 275 (1980):

> "Because the Act requires the landlord to maintain the premises in a habitable condition, ORS 91.770(1), it is presumed that the stated rental is for premises in a habitable condition and the landlord is estopped from contending otherwise. * * *"

Landlord's testimony in the FED action that the monthly fair rental value of the premises was $125 is not "substantial evidence" to support the district court's finding, because his testimony was based on his position that the residence as rented was habitable. If the residence was uninhabitable, its fair rental value must be less than the agreed value for a residence presumed to be habitable. Otherwise a landlord, contrary to the intent of the statute, could rent a residence that is not habitable, without responsibility for damages if he convinces the trier of fact that the agreed rental is a fair rental for premises in that condition.

Reversed and remanded for proceedings on writ of review not inconsistent with this opinion.

**VAN HOOMISSEN, J.,** dissenting.

I agree with the circuit court. Therefore, I respectfully dissent.