Argued and submitted July 22, award of attorney fees to defendants vacated and otherwise affirmed on appeal; award of attorney fees to plaintiffs vacated on cross-appeal November 18, 1992

Sam J. KAHL
and Elizabeth Z. Kahl,
*Appellants - Cross-Respondents,*

*v.*

T.G., INC.,
an Oregon corporation,
and Alvin A. Gould,
*Respondents - Cross-Appellants.*

(89-2189; CA A69930)

840 P2d 1392

David J. Sweeney, Portland, argued the cause for appellants - cross-respondents. With him on the briefs were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland.

Donald C. Walker, Portland, argued the cause for respondents - cross-appellants. With him on the brief was Ted A. Troutman, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action for breach of a sales agreement and a lease, arising out of defendants' failure to make payments required of them as the buyers and lessees. Defendants counterclaimed for conversion of personal property located on the leased property. The case was tried to the court, which found for plaintiffs on their claims and for defendants on the counterclaim.[1] The court found damages of $80,000 on plaintiffs' claims and $100,000 on the counterclaim. It also awarded attorney fees to both parties. Plaintiffs appeal, and defendants cross-appeal.

Plaintiffs contend in their first assignment that defendants did not produce sufficient evidence of the damages that resulted from the conversion and that the counterclaim therefore fails for lack of proof. Plaintiffs made no motion for judgment in the trial court on the basis of the asserted insufficiency of the evidence. Their first assignment is not preserved. *Falk v. Amsberry*, 290 Or 839, 626 P2d 362 (1981).

In their second assignment, plaintiffs argue that the court erred by awarding attorney fees to defendants, because defendants prevailed on a tort claim rather than on claims under the contracts that provide for attorney fees. Defendants concede that that was error.

In their cross-appeal, defendants challenge the award of attorney fees to plaintiffs. They assert that, although plaintiffs prevailed on their claims, the net judgment for defendants on the claims and counterclaims together make them the prevailing parties. Therefore, plaintiffs are not entitled to attorney fees. Plaintiffs agree that, if we affirm the judgment on defendants' counterclaim, as we do, the court erred by awarding them attorney fees.

On appeal, award of attorney fees to defendants vacated and otherwise affirmed; on cross-appeal, award of attorney fees to plaintiffs vacated.

---

[1] Defendants also counterclaimed to rescind the agreements. The trial court ruled for plaintiffs on that counterclaim, and it is not an issue on appeal.