Argued and submitted January 16, reversed and remanded for further proceedings
April 30, 1997

Thomas W. and Paula A. KENYON,
*Appellants,*

*v.*

Hon. J. Loyd O'NEAL,
Judge of the District Court for the State of Oregon,
County of Josephine;
and George Gomez, aka George Argo,
*Respondents.*

(94-CV0195; CA A89307)

938 P2d 801

Diane Conradi argued the cause for appellants. On the briefs were Janay Ann Haas and Oregon Legal Services, Inc.

Frank C. Rote, III, argued the cause for respondent Gomez. With him on the brief was Brown, Hughes, Bird, Lane & Rote.

No appearance for respondent O'Neal.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs brought an action in district court against Gomez, their landlord, seeking an injunction and damages for habitability violations and retaliation under the Oregon Residential Landlord and Tenant Act (ORLTA), ORS 90.100 *et seq*. The district court ruled in favor of plaintiffs, awarding them damages for diminution in the fair rental value of the property and for retaliation. Plaintiffs then sought review in the circuit court under ORS 34.010 *et seq*, asserting that the district court erred when it declined to grant them certain additional damages that they claimed. The circuit court denied their claim for relief. They appeal, ORS 34.100, and we reverse and remand.

Plaintiffs rented Gomez's house from August 1992 to December 1993.[1] Throughout the term of the lease, there were many problems with the house.[2] The district court granted judgment in plaintiffs' favor, finding that

"[t]he rental premises subject of this action substantially lacked safe water, working plumbing and electricity, water- and weatherproofing, heat, working locks and grounds safe for foreseeable use at the inception of the tenancy."

The district court also found that the landlord "had actual notice of these conditions at or near the inception of the tenancy" and awarded plaintiffs $2,632 in damages for diminution in the fair rental value during the period from January 1993 to the time plaintiffs obtained temporary alternate housing on December 17, 1993, and $1,000 for retaliatory damages.

The district court purportedly declined to award plaintiffs damages for the costs of substitute housing, the repair of appliances, plumbing and electrical systems, of obtaining potable water and for the cleaning of their possessions as a result of a malfunctioning furnace. It found:

---

[1] Plaintiffs entered into a lease with an option to purchase.

[2] The problems included lack of potable water, dangerous wiring, a collapsing chimney, a defective furnace, a leaking roof, collapsing ceilings, leaking plumbing, unlockable doors, raw sewage on the premises and sinking septic holes.

"5.   There is insufficient evidence to support plaintiff tenants' allegations that they had to pay for appliance, electrical and plumbing repairs in an effort to make the premises habitable, and therefore they are entitled to no special damages on those grounds.

"6.   There is insufficient evidence to support plaintiff tenants' allegations that they needed to purchase potable water for drinking during the time the landlord failed to repair the dangerous water supply, and therefore they are entitled to no special damages for those costs.

"7.   There is insufficient evidence to support plaintiff tenants' allegations that they needed to seek substitute housing in December 1993, and therefore plaintiffs are not entitled to damages for the reasonable value of such housing nor for consequential damages associated therewith.

"8.   There is insufficient evidence to support plaintiffs' allegations that their personal property was damaged by the malfunction of the furnace, and they are therefore not entitled to damages in the amount of $500 to satisfy the deductible portion of their insurance coverage for repairs to their property."

Plaintiffs sought a writ of review in the circuit court, alleging that the district court had improperly construed the applicable law and had made findings that are not supported by substantial evidence. In response to the petition, the circuit court ruled:

"Turning to the merits of the matters raised in Plaintiffs' Writ of Review, this court is of the opinion that the matters complained of are findings of *fact*, and not matters involving 'constru[ing] the applicable law.' ORS 34.040(4). In reviewing this matter, it is not a question of whether or not this court agrees with the trial court's factual findings, or whether this court would have reached the same factual conclusions based on the record below. Rather, the question is whether the trial court's findings are 'supported by substantial evidence in the whole record.' ORS 34.040(3); * * * Although Plaintiffs urge that the evidence on certain of these matters was uncontroverted, it may very well be that the trial judge found the witnesses presenting this evidence to be lacking in credibility or specificity on these particular issues, or that although the evidence was uncontroverted,

that it was an insufficient basis on which to award additional damages. It may also be possible that several of the matters complained of were the basis for other damages which *were* awarded by the trial judge.

"In any event, this court cannot find that the findings below were not supported by substantial evidence (or in some instances, the trial court's denial of damages may have been based on the lack of substantial evidence in the record). Accordingly, Plaintiffs' requested relief is denied." (Emphasis in original; citation omitted.)

On appeal, plaintiffs argue, in part, that "[t]he circuit court erred by incorrectly applying the standard of review required by ORS 34.040."[3] We understand plaintiffs' argument to mean that the district court erred when it failed to award damages for the previously enumerated claims because they were established by uncontroverted evidence. Gomez responds that to award plaintiffs additional damages would result in a double recovery for them. We exercise review in accordance with ORS 34.100.

The damages provisions relevant to this case are as follows: ORS 90.125(1) provides that "[t]he remedies provided by this chapter shall be so administered that an aggrieved party may recover appropriate damages." ORS 90.360(2) provides that

"[e]xcept as provided in this chapter, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320."

ORS 90.365(1) provides that if a landlord deliberately refuses or is grossly negligent in failing to supply any essential service, then the tenant may:

---

[3] ORS 34.040(1) provides:

"The writ shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including a district court * * * appears to have:

"* * * * *

"(c) Made a finding or order not supported by substantial evidence in the whole record;

"(d) Improperly construed the applicable law[.]"

"(a)   Procure reasonable amounts of the essential service during the period of the landlord's noncompliance and deduct their actual and reasonable cost from the rent;

"(b)   Recover damages based upon the diminution in the fair rental value of the dwelling unit; or

"(c)   Procure reasonable substitute housing during the period of the landlord's noncompliance, in which case the tenant is excused from paying rent for the period of the landlord's noncompliance.

"(2)   In addition to the remedy provided in subsection (1)(c) of this section the tenant may recover the actual and reasonable cost or fair and reasonable value of reasonably comparable substitute housing."

The statutes provide two remedies that are applicable to this case. ORS 90.360(2) provides for damages in the event of a habitability violation. ORS 90.365 provides for certain damages in the event that the landlord has deliberately refused or is grossly negligent in providing essential services. *See L & M Investment Co. v. Morrison*, 286 Or 397, 405, 594 P2d 1238 (1979) (explaining the different remedies available under the ORLTA). In this case, plaintiffs originally sought damages under ORS 90.360(2). When their furnace exploded, they filed an amended complaint and sought damages under ORS 90.365 as well. The district court lumped together all of the damages that it found and awarded them as damages for diminution of fair rental value.

■        The district court's award of reduced rental value is in the amount of $2,632. Plaintiffs claimed damages for obtaining potable water in the amount of $438, the cost of obtaining substitute housing in the amount of $432, $500 as the amount of their insurance deductible expended in the cleaning of their possessions because of the furnace explosion, and the plumbing and refrigerator repair costs in the approximate amount of $1,300. These claims total $2,670. In addition, plaintiffs claim the cost of electrical repairs in the approximate amount of $5,200. As to the electrical repairs, the landlord put on evidence to show that the electrical wiring that plaintiffs had installed was unsafe and evidence that would support a finding that the wiring could have decreased

the value of the property.[4] Thus, the evidence regarding the electrical repairs was not uncontroverted, as plaintiffs contend. The district court could have believed the landlord's evidence and determined that plaintiffs were not entitled to recover the cost of the electrical repairs. In that respect, the district court's award of $2,632 in damages is supported by substantial evidence, as the circuit court found.

■ ■ Nonetheless, plaintiffs contend that the damages awarded as the diminution of the fair market rental value do not respond to the above claims, and they point to the findings of the district court regarding the insufficiency of the evidence. On the record before us, we have not found any evidence of the diminution of fair market rental value other than the damages discussed above.[5] It could be that the district court simply categorized the cost of those damages as the diminution of fair market rental value, but if that was its ruling, it is inconsistent with the findings made in the judgment. Although we do not agree with plaintiffs' position that they are entitled to additional damages on this record as a matter of law, this matter must be remanded because we cannot discern the basis of the district court's award.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[4] At the preliminary injunction hearing, the district court remarked that the electrical wiring looked as if it might actually have decreased the value of the property.

[5] The proper measure of damages for the diminution of the fair market rental value is "the difference between the fair market rental value of the premises as measured by the rent reserved under the lease and the fair market rental value during the period of the breach." *Lane v. Kelley,* 57 Or App 197, 201, 643 P2d 1375, *rev den* 293 Or 394 (1982).