SHORR, J.
*804 Defendants appeal a judgment granting plaintiffs prescriptive and implied easements over a road that crosses defendants' property.[1] Defendants assert four assignments of error. We write to address only the first three: (1) that the trial court erred in concluding that the evidence was sufficient as a matter of law to satisfy the notorious-use element of a prescriptive easement; (2) that the trial court erred in concluding that the evidence was sufficient as a matter of law to satisfy the adverse-use element of a prescriptive easement; and (3) that the trial court erred in its interpretation and application of the factors set forth in Cheney v. Mueller , 259 Or. 108, 485 P.2d 1218 (1971) (the Cheney factors), when granting plaintiffs easements by implication.[2] We conclude that defendants' first two assignments of error are unpreserved and the arguments that they advance in support of their third assignment of error are either not properly before us or are unavailing. Accordingly, we affirm.
Plaintiffs are land owners who own parcels adjacent to defendants' property. Plaintiffs and their predecessors in interest as well as defendants and their predecessors in interest have used a private road, referred to by the parties as the "Jones Road," as the primary access to their properties for decades. Initially, the Jones Road ran completely over property owned by plaintiff Neale's predecessor in interest, then ran along the property line dividing the Neale property with property that is now owned by defendants, then crossed plaintiffs Marshalls' property before running along the property line dividing the Marshalls' property with defendants' property. Beginning in the 1990s, defendants began the process of acquiring all of the land on the east and south sides of the property lines that the Jones Road follows. That process ended in 2006.
Around 2006, defendant Cannady began locking a gate on the Jones Road to restrict plaintiffs' and the public's *805 access. In 2009, Cannady built a fence down the middle of the first quarter mile of the Jones Road and removed a cattle guard in the road just south of that fence, effectively making the road impassable. This suit followed.
Plaintiffs sued defendants, seeking an easement over the portions of the Jones Road that cross defendants' property. Specifically, *145 the Marshalls sought a prescriptive easement over the portions of the Jones Road on defendants' property that cross property that the Marshalls have never owned and an easement by implication over the portion of the road that crosses portions of defendants' property that was conveyed to defendants by the Marshalls. Neale sought an easement by implication over the portion of the Jones Road that crosses property conveyed to defendants by Neale's predecessor in interest.
A bench trial was held on those claims. Because this appeal largely turns on whether defendants preserved before the trial court the arguments that they now make on appeal, we discuss defendants' arguments before the trial court in some detail.
Defendants first addressed plaintiffs' easement-by-implication claims in their trial memorandum. In that memorandum, defendants argued that the evidence indicated that all of the Cheney factors weighed in favor of not granting an easement when considering the Marshalls' easement-by-implication claim. However, defendants did not argue that the evidence would be insufficient as a matter of law to rule in favor of the Marshalls on any of those factors. Further, defendants did not specifically discuss how the Cheney factors related to Neale's easement-by-implication claim. Instead, defendants merely adopted their arguments regarding the Marshalls' claim.
In their closing argument, defendants' counsel also addressed the easement-by-implication claims. Regarding Neale's claim, counsel argued that the evidence was insufficient as a matter of law to grant an easement because there was no direct evidence as to "what was in [Neale's predecessor-in-interest's] mind" when he sold his land to defendants, other than the fact that "he made no effort to reserve an express easement" and all that he knew of Neale's *806 property was that "there[ ] [was] no evidence that there was any economic use of that land being put" at the time of the sale. However, counsel did not make a similar sufficiency of the evidence challenge to the Marshalls' claim.
Further, regarding both easement-by-implication claims, defendants' counsel did not argue in his closing statement that the evidence was insufficient as a matter of law to support a finding for plaintiffs on any of the Cheney factors. In fact, counsel barely referenced the Cheney factors in his argument.
Defendants also argued in their trial memorandum and at closing argument that the Marshalls' claim for a prescriptive easement should be denied. However, those arguments were all framed in terms of the weight, not the sufficiency, of the evidence.
Approximately two months after the trial, the trial court filed a letter opinion in which it granted the Marshalls a prescriptive easement over the portion of defendants' property encumbered by the Jones Road. In that letter, the court also granted Neale an easement by implication over the portion of the Jones Road located on defendants' property where the road runs along the property line dividing Neale's and defendants' property. Two weeks after that letter opinion was filed, and approximately two and a half months after the trial, defendants filed a request that the trial court make special findings of fact. Defendants did not request that the court make explicit findings on each element of the prescriptive-easement claim or each factor of the easement-by-implication claims.[3]
The trial court responded to defendants' request for findings with a second letter opinion approximately three months later, in which it refused to make a majority of defendants' requested findings and made some findings requested by plaintiffs. In that second letter opinion, the court also explicitly granted the Marshalls an easement by *807 implication, noting only that "the case for an easement is even stronger than for plaintiff Neale on this portion of the road," without providing much more elaboration.
Approximately two months later-and approximately five months after the original letter opinion was filed and over seven *146 months after the close of trial-defendants filed an objection to plaintiffs' proposed limited judgment, in which, for the first time, they raised the issue of the legal sufficiency of the evidence regarding the prescriptive-easement claim and challenged the lack of specific findings of fact and conclusions of law regarding the easement-by-implication claims. In a third letter opinion, the trial court implicitly denied defendants' challenges to the sufficiency of the evidence and the lack of findings and conclusions, ruling that "[t]he findings and judgment shall be consistent with the Court's letter opinions."
Approximately nine months after the first letter opinion and a month after the third letter opinion were issued, defendants filed an objection to plaintiffs' proposed revised limited judgment, reasserting their challenges to (1) the legal sufficiency of the evidence regarding the prescriptive-easement claim and (2) the lack of findings of fact and legal conclusions as to the easement-by-implication claims. The court issued a fourth letter opinion approximately one month later denying defendants' objections, and noting that the proposed limited judgment was sufficient even though it does not contain the "detailed findings made by the court that supported the court's decision" because those "findings ha[d] been made and are part of the record" in the first two letter opinions issued by the court. After issuing that letter opinion, the court issued a limited judgment granting the Marshalls a prescriptive easement and granting the Marshalls and Neale easements by implication over the Jones Road.
Defendants then filed a motion for a new trial, in which they reasserted the arguments made in their objections to the proposed limited judgment and the revised proposed limited judgment. That motion was also denied.
We begin by addressing defendants' first two assignments of error-that the trial court erred in concluding that *808 the Marshalls presented legally sufficient evidence of notorious and adverse use to support their claim for a prescriptive easement. As noted, we conclude that the arguments presented by those two assignments are not preserved. A party that contends that it is entitled to prevail on a claim or issue as a matter of law must "make an appropriate motion at trial that s[eeks] a ruling as a matter of law." Oldham v. Fanno , 168 Or. App. 573, 578, 7 P.3d 672 (2000). A party can do so by making a motion under ORCP 54 B(2) "or a timely equivalent assertion." Falk v. Amsberry , 290 Or. 839, 844-45, 626 P.2d 362 (1981). None of the motions or arguments made by defendants-including the motions they made after the trial court issued its first letter opinion and before it issued its limited judgment and the arguments that they made in their trial memorandum and closing argument-were ORCP 54 B(2) motions or "timely equivalent assertion[s]." Consequently, those arguments and motions did not preserve defendants' arguments on appeal, and we do not reach defendant's first and second assignments.[4]
We turn to defendants' third assignment of error-that the trial court erred in its interpretation and application of the elements of easement by implication. We conclude that the arguments presented in that assignment are either unpreserved or unavailing.
We begin by noting that defendants failed to properly assign error in their third assignment. See ORAP 5.45(3) (noting that, to challenge a trial court's judgment, a party must "identify" in each assignment of error "precisely *147 the legal, procedural, or other ruling that is being challenged"). *809 It is initially unclear what ruling or rulings, if any, defendants are challenging. However, an examination of defendants' brief indicates that they are advancing three arguments in their third assignment. First, defendants appear to assign error to the grant of easements by implication to both the Marshalls and Neale because the trial court erroneously gave weight to the fact that it had found a prescriptive easement existed over the Jones Road when granting those easements. Second, defendants appear to assign error just to the trial court's grant of an easement by implication to Neale because, they argue, the evidence was legally insufficient to support the court's findings regarding one of the Cheney factors that it concluded supported the grant of that easement-i.e. , that reciprocal benefits resulted to both the conveyor and the conveyee of the easement. Finally, defendants appear to argue that the court erred as a matter of law in failing to explicitly make findings of fact and conclusions of law regarding each of the Cheney factors when granting the Marshalls' easement by implication.
We turn first to defendants' argument that the trial court improperly considered the fact that it had ruled that the Marshalls had a previously established prescriptive easement over portions of the Jones Road when determining whether to grant easements by implication in favor of Neale and the Marshalls in the court's first letter opinion. Specifically, defendants argue that the court erred because, in considering the prescriptive easement, it added "a factor of [the court's] own creation, i.e. , the fact that [it] was already granting a prescriptive easement in favor of the Marshalls," to the Cheney analysis. Like many of defendants' other arguments, that argument is not properly before us.
On appeal, defendants assert that their arguments regarding the grant of the Neale and Marshall easements by implication were preserved in their closing statement, their objection to plaintiffs' proposed limited judgment, their objection to plaintiffs' revised proposed limited judgment, and their motion for a new trial. Most of those portions of the record contain no mention of the trial court's decision to consider its grant of a prescriptive easement in relation to its grant of the easements by implication. Only defendants'
*810 motion for a new trial contains such an argument. Plaintiffs moved for a new trial under ORCP 64 B(5), and we cannot review the denial of such a motion absent a prior motion "to dismiss under ORCP 54 B(2)" or a timely equivalent assertion-neither of which were made here. Migis v. AutoZone, Inc. , 282 Or. App. 774, 808, 387 P.3d 381 (2016), adh'd to on recons , 286 Or. App. 357, 396 P.3d 309, rev. den. , 362 Or. 300, 408 P.3d 1077 (2017). Consequently, defendants' argument is unreviewable.
Similarly, defendants' second argument-that the evidence was legally insufficient to support the trial court's findings regarding the reciprocal-benefit prong of the Neale easement-is unpreserved. As noted, on appeal, defendants assert that their arguments regarding the Neale and Marshall easements by implication were preserved in their closing statement, their objection to plaintiffs' proposed limited judgment, their objection to plaintiffs' revised proposed limited judgment, and their motion for a new trial. However, none of those portions of the record present the issue that defendants now advance on appeal.
Defendants did not preserve their argument in their closing statement. To preserve an argument for appeal, "[a] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." Justice and Crum , 265 Or. App. 635, 640, 337 P.3d 840 (2014) (internal quotation marks and brackets omitted). Defendants failed to do that in their closing argument. Although defendants did argue that the evidence was insufficient as a matter of law to grant Neale an easement, the focus of their argument was that there was no evidence as to "what was in [Neale's predecessor's] mind" when he sold his land to defendants other than the fact that "he made no effort to reserve an *148 express easement" and all that he knew of Neale's property was that "there[ ] [was] no evidence that there was any economic use of that land being put" at the time of the transfer.
Defendants did not argue before the trial court, as they do now, that no evidence supported a finding that the easement provided reciprocal benefits to both the conveyor *811 and conveyee. In fact, defendants' attorney never mentioned "reciprocal benefits" at all. Further, defendants' counsel did not argue, more obliquely, that no evidence supported a finding for plaintiffs on any of the Cheney factors as a matter of law. In fact, defendants' attorney barely referenced the Cheney factors.
Defendants also did not preserve their argument in their objections to the proposed judgments. Neither defendants' objection to plaintiffs' limited judgment nor their objection to plaintiffs' revised limited judgment challenged the trial court's finding that the easement by implication conveyed reciprocal benefits to the conveyor and the conveyee. In fact, defendants never discussed reciprocal benefits at all within those motions. Instead, they challenged the lack of findings regarding other facts dealing with the easements by implication that have no apparent bearing on reciprocity.
Further, defendants did not preserve their argument in their motion for a new trial. As noted, "[a] motion brought under ORCP 64 B(5)-that the evidence is insufficient to justify the verdict or other decision, or that is against the law-requires a prior motion for a directed verdict, or, in the case of a bench trial, requires a party to have moved to dismiss under ORCP 54 B(2)." Migis , 282 Or. App. at 808, 387 P.3d 381 (internal quotation marks omitted). Because defendants did not make a motion to dismiss under ORCP 54 B(2) or a timely equivalent assertion regarding the easement by implication claims encompassing the argument that they make on appeal, they are "precluded from assigning as error [the] denial of [their] motion for a new trial based on insufficiency of the evidence." Id. at 808 n. 21, 387 P.3d 381. Accordingly, defendants' argument that the trial court erred as a matter of law in concluding that there were reciprocal benefits to both the conveyor and the conveyee regarding the easement by implication it granted to Neale is also unpreserved.
Finally, defendants' last argument-that the trial court erred by not making explicit findings of fact and law regarding each Cheney factor when granting the Marshall easement-is unavailing. As we have previously held, "there is no legal obligation on the court to make explicit findings *812 or otherwise set forth and discuss each factor" set forth in Cheney . Eagles Five, LLC v. Lawton , 250 Or. App. 413, 424 n 6, 280 P.3d 1017 (2012) ; see also Dayton v. Jordan , 280 Or. App. 236, 245 n. 6, 381 P.3d 1041 (2016) ("[T]he trial court was not required to explicitly address each of the Cheney factors, in determining whether an implied easement existed."). Further, defendants' request for special findings did not include a request that the trial court make findings on each Cheney factor regarding the grant of the Marshalls' easement by implication even though at the time of that request the court had already failed to make those explicit findings. Consequently, the court did not err in failing to make those findings explicitly.
In conclusion, defendants' first two assignments of error alleging that the trial court erred as a matter of law in granting the Marshalls a prescriptive easement are unpreserved. Further, defendants' assignment alleging that the court erred as a matter of law in granting easements of implication to both Neale and the Marshalls are either not properly before us or are unavailing.
Affirmed.

For ease of reference, we use the terms "defendants" and "plaintiffs" to refer to all defendants and plaintiffs; otherwise, we refer to the individual parties by their last names as necessary.

We reject defendants' fourth assignment of error-that the trial court erred in failing to make adequate findings-without further discussion.

One of defendants' requests for a special finding could have been construed to be a challenge to the courts' ruling on the adversity element of Marshalls' prescriptive easement claim, but that request was withdrawn before the trial court had the opportunity to consider it.

Defendants also did not preserve their arguments in their motion for a new trial. "A motion brought under ORCP 64 B(5)-that the evidence is insufficient to justify the verdict or other decision, or that is against the law-requires a prior motion for a directed verdict, or, in the case of a bench trial, requires a party to have moved to dismiss under ORCP 54 B(2)." Migis v. AutoZone, Inc. , 282 Or. App. 774, 808, 387 P.3d 381 (2016), adh'd to on recons , 286 Or. App. 357, 396 P.3d 309, rev. den. , 362 Or. 300, 408 P.3d 1077 (2017) (internal quotation marks omitted). Because of that, "on appeal, a party is precluded from assigning as error a denial of a motion for a new trial based on the insufficiency of the evidence."Id. at 808 n. 21, 387 P.3d 381 ; see also Erwin v. Thomas , 267 Or. 311, 314, 516 P.2d 1279 (1973) (stating that "a denial of a motion for a new trial asserted" because the evidence was insufficient to justify the verdict "is not appealable"). Because defendants failed to make an ORCP 54 B(2) motion or any timely equivalent at trial, we cannot review defendants' challenge regarding their motion for a new trial.