Argued and submitted August 21, 2019, affirmed May 28, 2020

ROOKSTOOL-MODEN REALTY, LLC,
*Plaintiff-Appellant,*

*v.*

Leon GALLAGHER,
*Defendant-Respondent.*

Klamath County Circuit Court
18LT11422; A169071

465 P3d 300

In this forcible entry and detainer action, landlord appeals from a judgment awarding possession of the disputed premises to tenant. Landlord argues that the evidence was insufficient as a matter of law to support the trial court's finding that landlord's breach of its duty to keep the premises in a habitable condition under ORS 90.320 completely offset tenant's unpaid rent. Specifically, landlord contends that tenant failed to present any evidence about the extent to which landlord's breach reduced the premises' rental value. *Held*: Landlord failed to preserve its argument. To preserve an argument about the sufficiency of the evidence, landlord was required to either move for a judgment of dismissal under ORCP 54 B(2) or make a "timely equivalent assertion." Here, landlord did neither. Landlord argued only as a factual matter that the trial court should not find for defendant.

Affirmed.

Dan Bunch, Judge.

Scott D. MacArthur argued the cause for appellant. Also on the brief was Scott D. MacArthur, P.C.

No appearance for respondent.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Kamins, Judge.*

_____

* Kamins, J., *vice* Hadlock, J. pro tempore.

KAMINS, J.

Affirmed.

**KAMINS, J.**

This case arises out of a forcible entry and detainer action commenced by plaintiff (landlord) against defendant (tenant) to recover possession of the premises. In a defense, tenant asserted that landlord's failure to provide adequate ventilation in the bathroom to prevent the accumulation of mold, among other conditions, breached its duty under ORS 90.320 to keep the premises in a habitable condition. Following a bench trial, the trial court issued a letter opinion concluding that the lack of ventilation breached the landlord's duty and resulted in a reduction of the premises' rental value which entirely offset any unpaid rent. The court entered judgment in favor of tenant and landlord appeals.

On appeal, landlord argues that the evidence at trial was insufficient as a matter of law to support the trial court's verdict. It argues that a tenant claiming a breach of the landlord's duty to keep the premises in a habitable condition is required to present evidence of the *extent* to which the habitability issue reduced the premises' rental value. *Lane v. Kelley*, 57 Or App 197, 201, 643 P2d 1375, *rev den*, 293 Or 394 (1982). After reviewing the record, we conclude that landlord failed to preserve that argument.[1]

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). To preserve an argument in a bench trial that the evidence is insufficient as a matter of law, a party is required to move for a judgment of dismissal under ORCP 54 B(2) or make "'a timely equivalent assertion.'" *Marshall v. Cannady*, 291 Or App 802, 808, 423 P3d 143 (2018) (quoting *Falk v. Amsberry*, 290 Or 839, 844-45, 626 P2d 362 (1981)); *see also Kahl v. T.G., Inc.*, 116 Or App 402, 404, 840 P2d 1392 (1992) (applying preservation requirements to plaintiff when challenging sufficiency of the evidence on defendant's counterclaim). Here, landlord did neither.

---

[1] Tenant does not appear and thus does not contest preservation. However, we have an independent obligation to determine whether an issue was preserved in the trial court. *Harrison v. Hall*, 211 Or App 697, 701, 156 P3d 141, *rev den*, 343 Or 159 (2007).

Before the trial court, landlord argued that defendant's evidence at trial failed to prove that the habitability issues reduced the unit's rental value to zero:

"[LANDLORD:]  The question is, does the affirmative defense that he has raised outweigh the cost, the value of $2,100.00 in rent owed for the last four months? There is no counterclaim for any damages *** of the [tenant]. So in order for the Court to rule in favor of [tenant] you're going to have to find that this premises was diminished in value for the entire rental cost for the last four months."

Landlord did not preserve his argument that there was insufficient evidence to submit the question to the factfinder. Rather, he argued that the factfinder should not be persuaded by the evidence presented.

Arguments made to the trial court as factfinder and arguments about the legal sufficiency of the evidence are fundamentally different. A factual argument seeks to convince the trial court that, although the court *could* find for the opposing party because that party has produced at least some evidence in support of its position, the court should not find for the party because its evidence is not persuasive. *State v. R. W. G.*, 288 Or App 238, 240, 404 P3d 1141 (2017). By contrast, an argument that the evidence is insufficient as a matter of law asserts that the trial court *cannot* return a verdict for the opposing party because that party has failed to produce any evidence supporting at least one element of its claim or defense. *Id.* at 241 (to preserve challenge to the legal sufficiency of the evidence, youth was required to argue that the trial court could not find he committed the alleged offense because record lacked any evidence to support that finding); *see also Lee v. Koehler*, 200 Or App 85, 91-92, 112 P3d 477 (2005) (defendant's complaints during closing argument that attorney's invoice lacked detail failed to preserve a challenge to the sufficiency of the evidence because they were directed to the trial court as factfinder).

Here, landlord never alerted the trial court to a challenge to the legal sufficiency of the evidence. Landlord never moved for a judgment as a matter of law under ORCP 54 B(2), or even argued that tenant did not produce any evidence that would have allowed the trial court to determine

the extent to which the lack of bathroom ventilation or any of the other claimed habitability issues reduced the rental value of the premises. As the Supreme Court has explained, requiring a party to make such a challenge during a bench trial serves an important purpose in both criminal and civil trials:

> "Lack of proof of a necessary fact may be overlooked if not brought to the attention of the trial court. An appropriate motion may allow the trial court to avoid entry of an erroneous judgment if the necessary proof cannot be supplied, thus preventing appeals and retrials on that basis."

*Falk*, 290 Or at 843. Landlord's challenge to the sufficiency of the evidence is unreviewable because it is unpreserved.

Affirmed.