438

Argued and submitted June 14, reversed and remanded with
instructions December 1, 1982, reconsideration denied January 21,
petition for review allowed March 1, 1983 (294 Or 569)
See 295 Or 408, 667 P2d 1013 (1983)

NAPOLSKI,
*Appellant,*
*v.*
CHAMPNEY,
*Defendant,*
CHAMPNEY,
*Respondent.*

(No. C-81-643, CA A23774)

653 P2d 1311

Donald S. Kelley, Roseburg, argued the cause for appellant. With him on the brief was Luoma, Kelley, Wolke & Mayes, Roseburg.

David Morrison, Oregon Legal Services Corporation, Roseburg, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an FED action in which the plaintiff landlord seeks possession of a leased mobile home space and unpaid rent. He alleged that he is entitled to possession, first, because defendant tenant[1] had failed to pay rent after receiving a 24-hour notice of nonpayment, former ORS 91.820(2),[2] ORS 91.886(5); and, second, because defendant had failed to surrender possession after receiving a 30-day notice of termination for cause. ORS 91.886(1). Defendant counterclaimed, alleging, *inter alia,* that plaintiff had failed to provide a satisfactory written rental agreement after defendant's request. ORS 91.875, 91.900(2). The trial court awarded defendant possession of the premises, $100 statutory damages for plaintiff's failure to provide a written agreement, and attorney fees. The court found that the parties had agreed to a monthly rental of $100 and awarded plaintiff $900 for accrued unpaid rent. Plaintiff appeals, contending that the trial court erred by awarding possession and attorney fees to defendant. We reverse.

Defendant took possession of the premises in June, 1980. Shortly thereafter, plaintiff became dissatisfied with defendant's maintenance of the premises, and disagreements also arose in connection with defendant's request for and plaintiff's failure to provide a written agreement.[3] On

---

[1] The term "defendant" in this opinion refers to Lou Champney. Claude Champney, the other named defendant, has moved out of the mobile home, did not appear and was held in default.

[2] At the time of most material events here, ORS 91.820(2) provided:

"If rent is unpaid when due and the tenant fails to pay rent within 10 days the landlord, after 24 hours' written notice of nonpayment and his intention to terminate the rental agreement if the rent is not paid within that period, may immediately terminate the rental agreement and take possession in the manner provided in ORS 105.105 to 105.155."

The statute was amended by Or Laws 1981, ch 753, § 3, and now provides:

"If rent is unpaid when due and the tenant fails to pay rent within seven days the landlord, after 72 hours' written notice of nonpayment and the landlord's intention to terminate the rental agreement if the rent is not paid within that period, may immediately terminate the rental agreement and take possession in the manner provided in ORS 105.105 to 105.165."

[3] Plaintiff tendered a written agreement to defendant in January, 1981. However, the trial court found that that agreement substantially altered the terms of the original oral agreement. *See* ORS 91.900(2). Plaintiff does not assign error to the award of damages to defendant for plaintiff's failure to provide a written agreement.

March 10, 1981, defendant tendered $100 rent to plaintiff, and plaintiff rejected the tender. He initiated an FED action, apparently alleging termination for cause. The proceeding was dismissed by a stipulated judgment on June 26, 1981. After a second FED proceeding failed because plaintiff did not meet procedural requirements, he brought this action on September 8, 1981.

The trial court found, variously, that "no rent was tendered from the Defendant to the Plaintiff from the termination of the first FED on June 26, 1981, to the filing of the third FED on September 8, 1981"; and that "[t]he evidence in this case illustrates that no rent was paid from March 10, 1981, and that no tender was made to the Plaintiff until the time of trial" in December, 1981.[4] The "tender" at the time of trial was not made to plaintiff but took the form of a $900 payment into court. As earlier noted, that was the amount of accrued unpaid rent the court found was due plaintiff. Defendant does not contend here that she had paid plaintiff the rent that was due as of the time this action was brought, that she paid the outstanding rent to plaintiff after receiving his 24-hour notice of nonpayment or that the notice was invalid or inadequate.

Plaintiff's first assignment of error is:

"The District Court erred in denying Plaintiff's complaint for possession of the premises after finding that the Defendant had failed to pay rent for nine months prior to date of trial contrary to the court's finding of the rental agreement and ORS 91.886(1), [ORS 91.886(5)]."

Defendant bases her principal response to that assignment[5] on her understanding of ORS 91.810(1), which provides:

---

[4] The first of the quoted statements appears in the section of the trial judge's Memorandum Opinion captioned "Findings of Fact," and the second appears under the caption "Legal Issues." Both statements are findings.

[5] The only other response appears in a footnote to her brief:

"Plaintiff's assertions are not supported by the record. He states that '(t)he court found that the defendant failed to pay rent for nine months.' * * * No such finding exists in the court's Memorandum Opinion, * * * and no other reference to the record or file is provided. * * *"

As noted, defendant does not argue that she tendered outstanding rent to plaintiff after receiving his notice of nonpayment or had paid the accrued rent at the time this action was brought.

"In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that he may recover under the rental agreement or ORS 91.700 to 91.900. In the event the tenant counterclaims, the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section, judgment shall be entered for the tenant in the action for possession."

Defendant argues:

"ORS 91.810 stands for an important principle within the statutory framework authorizing court resolution of landlord-tenant disputes. It allows a tenant to pay disputed rent into court where the tenant has counterclaimed in an F.E.D. action. It provides that the landlord be paid any rent amount found due by the court after trial with the money held by court. Most important, it assures a tenant the right to continued possession if the net amount due the landlord is satisfied.

"ORS 91.810 assures that a tenant's right to counterclaim and dispute rent is not meaningless. By paying rent into court a tenant does not place her most important right, the right to remain in possession, in jeopardy. Thus she stands on an equal footing with her landlord to resolve the dispute in court. Without ORS 91.810, a tenant would rarely if ever assert counterclaims to a nonpayment eviction because she would invariably lose possession regardless of the merit of her defenses or counterclaims. An important purpose of the Act would be frustrated.

"Thus ORS 91.810 not only assures that a tenant will not lose possession by bringing the dispute to court, it also assures that the landlord will suffer no unjust loss of rent. In exchange for continued possession, the landlord will receive all rent which is properly due."

■     ORS 91.820(2) specifies that, if a tenant is in default in rental payments and fails to make a timely

tender after receiving the landlord's notice of nonpayment, the landlord "may immediately terminate the rental agreement and take possession" through an FED action. Defendant interprets ORS 91.810(1) as giving a tenant what amounts to an unconditional procedural right to extend that period for paying rent and to retain possession by tendering rent into court and by filing a counterclaim in the landlord's action. We agree that one purpose of ORS 91.810(1) is to enable tenants to assert counterclaims in FED actions and, simultaneously, to assure the landlord that accrued rent will ultimately be paid in cases where the counterclaiming tenant remains in posession while the action is pending. It is also clear that, *at least under some circumstances,* the tenant may be awarded possession in an FED action to which ORS 91.810(1) applies even if the conditions for termination under ORS 91.820(2) were present when the action was initiated. The question is whether defendant is correct in arguing that those circumstances exist *whenever* a tenant files a counterclaim in an FED action and pays rent into court and, if not, whether the necessary circumstances for defendant to retain possession exist in this case.

■     In *L & M Investment Co. v. Morrison,* 286 Or 397, 594 P2d 1238 (1979), the court quoted ORS 91.810(1)[6] and stated:

"* * * Thus, a counterclaim for damages under ORS 91.800(2) can be offset against rent due and *if the damages*

---

[6] At the time of the Supreme Court's decision, ORS 91.810(1) provided:

"In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that he may recover under the rental agreement or ORS 91.700 to 91.895. Unless the parties otherwise agree, the court shall hear and determine all issues within 15 days after the service of the summons and complaint upon the defendant. In the event the tenant counterclaims, the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section, judgment shall be entered for the tenant in the action for possession."

The statute was amended to its present form by Or Laws 1979, ch 854, § 1. The difference is not material to the issues here.  .

exceed the rent, the tenant may remain in possession of the premises." 286 Or at 407. (Emphasis supplied.)

In context, that statement from *L & M* is not a *holding* that the tenant's right to possession is contingent on his damages exceeding the rent due. We now so hold.

The last sentence of ORS 91.810(1) states "[i]f no rent remains due after *application of this section,* judgment shall be entered for the tenant in the action for possession." (Emphasis supplied.) That language can mean one of two things: first, consistent with defendant's argument, that if the defendant counterclaims and enough money is paid into court pursuant to ORS 91.810(1) to pay the rent owed, the tenant is entitled to possession regardless of the result in the action; or, second, that the tenant's right to possession depends on whether the damages he recovers on the counterclaims that ORS 91.810(1) authorizes exceed the unpaid rent. In our view, the second of those meanings is more consistent with the purposes of ORS 91.810(1) and other provisions of the Residential Landlord and Tenant Act, ORS 91.700 to 91.900.

Defendant's argument postulates that the objective of ORS 91.810(1) is to enable tenants to bring counterclaims *and* to retain possession "if the net amount due the landlord is satisfied." A fundamental objective of the Act, as stated in ORS 91.725(1), is to provide remedies that "shall be so administered that an aggrieved party may recover appropriate damages." *See Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979). It is consistent with that purpose that a tenant who has been damaged to a greater extent than the landlord has been by the nonpayment of rent should retain possession.

■■ Although we therefore agree with defendant that ORS 91.810(1) enables tenants to retain possession if they prevail in the action, we do not agree with defendant's understanding that the statute also enables tenants to defeat the landlord's right to terminate under ORS 91.820(2) simply by filing counterclaims and by tendering rent into court after the time for paying rent under ORS 91.820(2) has passed. We can discern no reason why the statute would make the tenant's continued possession contingent on filing counterclaims rather than prevailing in

the action, or why the legislature would distinguish between the possession rights of delinquent tenants who counterclaim in FED actions and those who do not, rather than between those who "win" the actions and those who do not. We therefore conclude that a tenant is entitled to possession under ORS 91.810(1) only if he recovers damages on his counterclaims that exceed the rent due the landlord. Here, the tenant's damages were $100, and the rent due was $900. If follows that the trial court erred by awarding possession to defendant.

Plaintiff's second assignment of error is that the court erred by awarding attorney fees to defendant when both parties "prevailed" on some claims. *See Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978). Because we reverse on the issue of possession, the award of attorney fees to defendant is also reversed.[7]

Reversed and remanded with instructions to enter judgment for plaintiff on the issue of possession and to vacate defendant's attorney fee award and for further proceedings not inconsistent with this opinion.

---

[7] It would appear that, under *Marquam Investment Corp. v. Myers, supra,* neither party is entitled to attorney fees.