Argued and submitted September 27, reversed and remanded December 26, 1985

### EDDY,
*Respondent,*

*v.*

### PARAZOO,
*Appellant.*

### (84-83 LW; CA A32577)
711 P2d 205

Mark A. Peterson, Oregon Legal Services Corporation, Klamath Falls, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This case presents an issue of first impression under the Residential Landlord and Tenant Act, ORS 91.810.[1] The question is whether a tenant who has been sued in an FED action based on nonpayment of rent, who asserts and recovers on counterclaims in the action and who tenders into court after verdict, but before judgment, the difference between the rent adjudged due and the recovery on the counterclaims, is entitled to a judgment for possession. The essential facts in this case differ from those in *Napolski v. Champney,* 295 Or 408, 667 P2d 1013 (1983), only in that here the tenant paid the money into court after trial but before judgment, whereas in *Napolski* the tenant paid the money into court before trial. *Napolski* holds that when a tenant tenders into court before trial sufficient funds to cover the rent then due and recovers on a counterclaim, the tenant is entitled to a judgment for possession and is the prevailing party, even though the amount of rent adjudged due exceeds the tenant's recovery on the counterclaim. The issue in this case is whether the fact that the tenant tendered into court sufficient funds to cover the net amount due the landlord after trial requires a different result from that in *Napolski.*

Plaintiff commenced this FED action to recover possession of premises on the basis of defendant's nonpayment of rent. Defendant asserted two counterclaims. In the first she alleged numerous defective conditions of the property and sought damages for plaintiff's breach of the obligation to maintain the dwelling in a habitable condition. ORS 91.770. In her second counterclaim, she sought damages for plaintiff's wrongfully causing the discontinuation of water service to the premises. After trial on May 17, 1984, the jury awarded defendant $300 on her first counterclaim and $400 on her second counterclaim and found that she owed $1,000 in rent. Defendant tendered $300, the difference between the rent due and her recovery on the counterclaims, into court on May 20, 1984. On May 30, the court held a hearing to determine who was entitled to possession of the premises.

The judge issued a letter opinion on June 4, 1984,

---

[1] This issue does not appear to have been raised in any of the 12 other states which have adopted the uniform act.

ruling that plaintiff was entitled to possession, because defendant did not tender the rent due until after the jury had returned a verdict. The court entered a judgment on June 14, 1984, ordering that plaintiff was entitled to possession and that defendant must vacate the premises. Defendant vacated the premises and appeals that part of the order which adjudicated her right to possession.

This case turns on an application of ORS 91.810(1):

"In an action for possession based upon nonpayment of rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 91.700 to 91.900. In the event the tenant counterclaims, the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. *The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party.* The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. *If no rent remains due after application of this section, judgment shall be entered for the tenant in the action for possession.*" (Emphasis supplied.)

The court did not order defendant to pay any money into court at any time during this proceeding under ORS 91.810, and she voluntarily tendered the $300 into court after trial. *Napolski v. Champney, supra,* 295 Or at 420 n 15, emphasizes that the trial court has discretion as to whether it orders the tenant to pay rent into court under 91.810(1) and may choose not to do so when "the tenant's counterclaim appears meritorious and could exceed the rent conceded due * * *." In this case, defendant prayed for $2,900 in her counterclaims. There is no indication that plaintiff moved that the court order defendant to pay rent into court or of why the court did not so order.

The issue in this case is whether any "rent remain[ed] due after application of [ORS 91.810(1)]." If no rent then remained due, defendant is entitled to a judgment for possession. We think that ORS 91.810(1) clearly contemplates that, in a situation such as occurred in this case, the tenant is entitled to possession.

■ ■     ORS 91.810(1) applies to this case, because it is an action for possession based upon nonpayment of rent in which the tenant asserted counterclaims for damages recoverable under ORS 91.800(2). The trial court did not order defendant to pay rent into court, but it did apply ORS 91.810(1) by exercising its discretion not to do so. The third sentence in that subsection provides:

> "* * * The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party.* * *"

That sentence directs how payment shall be made after the claims and counterclaims have been decided and evaluated, *i.e.*, after a verdict. In this case, plaintiff was paid his net award from the money paid into court, and no rent remained due after he was paid the $300.[2] Therefore, no rent remained due after the court applied subsection (1), and defendant was entitled to a judgment for possession. Because defendant prevailed below on her counterclaims and now prevails in this court on the issue of possession, she is entitled to recover costs and disbursements, *Napolski v. Champney, supra,* 295 Or at 420, and may be entitled to attorney fees under ORS 91.755 in the discretion of the trial court. *Marquam Investment Corp. v. Myers,* 35 Or App 23, 31, 581 P2d 545, *rev den* 284 Or 341 (1978).

Reversed and remanded.

---

[2] The third sentence of ORS 91.810(1) also appears to contemplate that in a situation where the tenant recovers on counterclaims and pays the landlord money in addition to that paid into the court to cover all the rent due after verdict, the tenant is still entitled to a judgment for possession. That situation is not presented by these facts, where the money paid into the court covered the net amount due the landlord, and we do not express an opinion on it.