Argued and submitted September 20, 1990, reversed and remanded for entry of judgment for defendant on right to possession, for damages of $300 on her counterclaim and for determination of defendant's entitlement to attorney fees January 23, 1991

Betty Pritchett LIGHT,
*Respondent,*

*v.*

Paula SHEETS,
*Appellant.*

(90F 703564; CA A64044)

804 P2d 1197

Mark A. Peterson, Portland, argued the cause for appellant. With him on the brief were Richard A. Slottee and Michael Franell, Certified Law Student for Lewis and Clark Legal Clinic, Northwestern School of Law, Portland.

No appearance for respondent.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and De Muniz, Judge.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant, tenant, appeals a judgment awarding plaintiff, landlord, possession of residential premises in this FED action for nonpayment of rent. We reverse and remand.

On October 3, 1988, tenant began a month-to-month tenancy, agreeing to pay $300 per month in rent. She first notified landlord in September, 1989, that the plumbing was deficient and that mold was gradually destroying her belongings. When landlord failed to remedy the defects, tenant withheld rent for January, 1990, whereupon landlord served notice of eviction and commenced this action. Tenant counterclaimed, seeking damages for landlord's breach of the obligation to maintain the dwelling in a habitable condition, ORS 90.320, and for an injunction mandating repairs to comply with the statutory habitability requirements.[1]

On February 1, 1990, the trial court awarded possession of the premises to landlord and $240 in damages to tenant on her counterclaim for diminution in rental value for four months. No attorney fees were awarded to either party.

■  Tenant assigns as error the trial court's failure to award $60 for diminution in rental value for the month of January, 1990. There is no explanation in the record why the trial court, having found habitability violations reducing the rental value by $60 per month, allowed that reduction for each of the months September through December,[2] but not for January. There is no evidence that the conditions had been remedied during January, although tenant remained in possession during that month.

■  A tenant is entitled to damages for the entire period during which the landlord fails to maintain the premises in a habitable condition, after notice. In *L & M Investment Co. v. Morrison,* 44 Or App 309, 605 P2d 1347 (1980), we upheld an award for diminution in rental value through the time when the required repairs were made. A similar award in this case

---

[1] Tenant asked for diminution in rental value of $60 per month for 12 months, totalling $720 in damages. She also requested a judgment in her favor on the issue of possession and for attorney fees.

[2] The trial judge found that tenant failed to prove notice to landlord of the habitability violations before September, 1989.

would include $60 for January. The trial court erred in failing to do that.

■    The effect of increasing tenant's damages to $300 is to offset completely the rent that she owed, so that she owed nothing at the time of trial. Because no rent remained due after application of tenant's recovery on her counterclaim, "judgment shall be entered for the tenant in the action for possession." ORS 90.370(1). That will also make tenant the prevailing party, authorizing an award of attorney fees. ORS 90.255.

Reversed and remanded for entry of judgment for defendant on the right to possession, for damages of $300 on her counterclaim and for determination of defendant's entitlement to attorney fees.