Argued and submitted April 5, reversed and remanded with instructions July 31, 1996

James and Bernadine WINN,
*Respondents,*

*v.*

Rick and Cynthia McGEEHAN,
*Appellants.*

(D943096CV; CA A90712)

921 P2d 1337

Maryhelen Sherrett argued the cause and filed the brief for appellants.

Matthew H. Kehoe waived oral argument and filed the brief for respondents.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendants (tenants) appeal a judgment awarding possession of residential premises to plaintiffs (landlords) in this forcible entry and detainer (FED) action.[1] We reverse and remand.

Tenants rented an older farm house from landlords on March 1, 1994. The rent of $800 per month was either late or paid with insufficient funds checks on each successive month of the tenancy. On September 20, 1994, after they had been advised that no further late payments would be accepted, tenants wrote to landlords, complaining of a number of habitability issues in regard to the rented premises. Landlords sent a plumber, electrician and others to make repairs, but they refused to meet all of tenants' demands. Tenants again failed to pay rent timely, and landlords filed this FED action. Tenants counterclaimed, alleging, *inter alia*, that, because of landlords' failure to maintain the residence in habitable condition as required by ORS 90.320, they had suffered damages, including reduced rental value in a sum to be determined pursuant to ORS 90.360(2).[2] Tenants paid rent for October and November, which was the entire amount due during the pendency of the FED, into the registry of the court.

The trial court found in favor of landlords on tenants'

"counterclaims on habitability issues in regard to plumbing, heating, the grounds, paint, walls, the front door of the premises, and all other issues which were remedied prior to the rent being withheld in this case."

The court also found that tenants had not proved their claim that the electrical wiring did not conform to the law at the time it was installed. However, the court found that tenants

---

[1] We dismissed defendants' first appeal for lack of jurisdiction because the original judgment did not dispose of all of defendants' counterclaims. *Winn v. McGeehan*, 136 Or App 510, 901 P2d 926 (1995). This appeal followed the trial court's entry of an amended judgment.

[2] ORS 90.360(2) provides:

"Except as provided in ORS 90.100 to 90.940, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320."

had suffered "a diminution of rental value in the amount of $800.00" and ordered that $800 of the $1600 that tenants had tendered into court be released to tenants and the remaining $800 to landlords "for October rent." The court also found in favor of landlords as to possession of the premises.

We consider tenants' two assignments of error together. ORAP 5.45(6). Tenants argue that the trial court erred in finding that landlords were entitled to possession and in not awarding them attorney fees as the prevailing party. Tenants argue that the clear language of ORS 90.370 "mandates judgment" in their favor. At the time of this FED proceeding, ORS 90.370(1) provided:[3]

> "In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 90.100 to 90.940. In the event the tenant counterclaims, the court at the landlord's and or tenant's request may order the tenant to pay into the court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. *If no rent remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession.*" (Emphasis supplied.)

The trial court found that "there wasn't any basis to withhold the rent, so I don't think that [tenants] are entitled to have use of [ORS 90.370]." The court made that determination because the repair problems that entitled tenants to damages for diminution of rental value had been remedied before tenants withheld rent and because tenants did not prove that additional repair problems remained unremedied at the time of trial.

---

[3] The statute was substantially amended in 1995. Or Laws 1995, ch 559, § 22. Our references are to the former version.

■ Tenants argue that the court's distinction between withholding rent after repairs have been made and withholding rent before repairs have been made is contrary to the clear language of ORS 90.370(1). Landlords argue that the trial court did not err because ORS 90.370 presumes that a tenant has complained of needed repairs, which the landlord has failed to make, and, in that situation, the tenant is justified in withholding rent. However, landlords argue, the statute does not permit withholding rent *after* repairs have already been completed. Landlords argue that *Napolski v. Champney*, 295 Or 408, 419, 667 P2d 1013 (1983), makes it clear that ORS 90.370 "does not authorize withholding in order to rectify any complaint of the tenant, nor does it permit the tenant to withhold rent because of claims she may have against the landlord unrelated to her rights under the act."

■ However, landlord's reliance on *Napolski* does not assist them. Withholding rent may indeed be a method by which to force a landlord into compliance with his or her obligations to provide habitable conditions. *See Napolski*, 295 at 418. However, a counterclaim under ORS 90.370(1) is not restricted to that circumstance. Rather, the statute expressly provides that a tenant may counterclaim for "any amount * * * that the tenant may recover under the rental agreement or ORS 90.100 to 90.940." *See also Edwards v. Fenn*, 308 Or 129, 134, 775 P2d 1375 (1989) (tenants have right, enforceable by counterclaim, to obtain an injunction or to recover damages for landlord's alleged noncompliance with lease). ORS 90.320(1) provides that a landlord "shall at all times during the tenancy maintain the dwelling unit in a habitable condition," and a counterclaim may be for damages for habitability defects. *See Lane v. Kelley*, 57 Or App 197, 201 n 1, 643 P2d 1375, *rev den* 293 Or 394 (1982) (it may be presumed that violations of the habitability requirements of the statute have diminished the rental value in some measure). A tenant's damages are those accruing through the entire period of the landlord's violations after notice. *Light v. Sheets*, 105 Or App 298, 300, 804 P2d 1197 (1991).

The trial court found for tenants on their counterclaim for diminution of rental value because of habitability violations. Landlords did not assign error to that finding. The

court awarded $800 to tenants and that amount, plus the $800 awarded to landlords, was equal to the amount that tenants had paid into court. ORS 90.370 applied, and, because no rent remained due, tenants were entitled under ORS 90.370(1) to possession. It follows that they were also the prevailing party, authorizing an award of attorney fees. ORS 90.225. *Light*, 105 Or App at 301.

Reversed and remanded for entry of judgment for defendants on right to possession and for determination of award of attorney fees in favor of defendants.