TOOKEY, J.
*549 This residential landlord and tenant case presents an issue of statutory interpretation under the Oregon Residential Landlord Tenant Act (ORLTA)-viz., whether a tenant is entitled to possession of the leased premises in a forcible entry and detainer (FED) action when the tenant prevails on her counterclaims to the extent that no rent remains due, but does not pay rent into court under ORS 90.370(1)(b).[1] We conclude that the trial court erred when it ruled that tenant *349 was not entitled to possession of the leased premises under ORS 90.370(1)(b) because no rent was ordered to be paid into court and "the damages awarded the tenant on her counterclaims exceeded the amount of unpaid rent the landlord claimed was due." L & M Investment Co. v. Morrison , 44 Or. App. 309, 313, 605 P.2d 1347, rev. den. , 289 Or. 275 (1980). Consequently, we reverse and remand for entry of judgment for tenant on the right to possession.
I. BACKGROUND
The relevant facts are undisputed. Tenant (defendant) entered into a rental agreement with landlord (plaintiff) in which tenant agreed to pay landlord $850 per month in rent. Tenant paid $202 per month and the remaining $648 of the rent was subsidized. Tenant failed to pay rent in February of 2015, so landlord sent tenant a nonpayment of rent notice on February 12, which provided a tenancy termination date of February 22. Tenant did not pay rent pursuant to that notice and landlord brought an FED action.
Tenant responded by filing a counterclaim, alleging unlawful access into the premises on five separate occasions.
*550 Tenant retained possession of the premises throughout the FED action that took place in April. During that time, neither landlord nor tenant requested an order to pay rent into court pursuant to ORS 90.370(1)(b), the court did not order rent to be paid into court, and no rent was paid into court.
The court then determined that tenant owed $606 for three months of unpaid rent. The court also determined that landlord had unlawfully accessed the premises on three occasions and awarded tenant $2,550 in damages. Although the $2,550 in damages was more than enough to offset the $606 owed by tenant for rent, the court awarded possession to landlord because tenant had not "sought an order allowing or requiring the payment of rent into court."
On appeal, tenant argues that she did not need to pay rent into court under ORS 90.370(1)(b) to be awarded possession of the premises. Tenant contends that "[t]he trial court erred in declining to apply ORS 90.370(1)(b) to offset the rent owed to landlord against the amounts won by tenant on her counterclaim and by awarding possession to landlord." Landlord argues that "[t]he trial court correctly ruled that tenant was not entitled to possession of the leased premises, despite having prevailed on some of her counterclaims, because she failed to pay rent to the landlord or into court."
II. ANALYSIS
As noted above, the issue is whether a tenant is entitled to possession of the leased premises in an FED action when the tenant prevails on her counterclaims to the extent that no rent remains due, but does not pay rent into court under ORS 90.370(1)(b). The parties' arguments and the trial court's ruling present a question of statutory interpretation, which we review for legal error. See State v. Thompson , 328 Or. 248, 256, 971 P.2d 879, cert. den. , 527 U.S. 1042, 119 S.Ct. 2407, 144 L.Ed.2d 805 (1999) ("A trial court's interpretation of a statute is reviewed for legal error."). When we interpret a statute, "[w]e ascertain the legislature's intentions by examining the text of the statute in its context, along with relevant legislative history, and, if necessary, canons of construction." State v. Cloutier , 351 Or. 68, 75, 261 P.3d 1234 (2011) (citing State v. Gaines , 346 Or. 160, 171-73, 206 P.3d 1042 (2009) ).
*551 A. Text of ORS 90.370(1)
We start with the text of ORS 90.370 because it is "the best evidence of the legislature's intent." PGE v. Bureau of Labor and Industries , 317 Or. 606, 610, 859 P.2d 1143 (1993). ORS 90.370(1) provides, in pertinent part:
"(1)(a) In an action for possession based on nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount *** that the tenant may recover under the rental agreement or this chapter ***.
"(b) In the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine *350 the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession."
When a tenant is in possession of the premises, subsection (1)(a) permits the tenant in a residential FED action for nonpayment of rent to assert counterclaims. See ORS 105.132 ("No person named as a defendant in an action brought under ORS 105.105 to 105.168 [, for forcible entry and wrongful detainer,] may assert a counterclaim unless the right to do so is otherwise provided by statute."). Counterclaims under ORS 90.370 can be based on a breach of the rental agreement or any statutory violation under Chapter 90, Oregon's "Residential Landlord and Tenant Act."[2]
*552 The first sentence of ORS 90.370(1)(b) provides that, "[i]n the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party." The first sentence makes the application of ORS 90.370(1)(b) contingent on "the event the tenant counterclaims." See Eddy v. Parazoo , 77 Or. App. 120, 124, 711 P.2d 205 (1985) (former ORS 91.810, renumbered as ORS 90.370 (1989), "applies" in "an action for possession based upon nonpayment of rent in which the tenant assert[s] counterclaims for damages").
If a tenant counterclaims, either party may request an order from the court to compel the tenant to pay rent into court. Such a request then invokes the discretion of the court with the phrases, "may order" and then, "all or part of the rent." ORS 90.370(1)(b). That part of the first sentence does not require the payment of rent into court, or the payment of a particular amount of rent into court, in order for the tenant to maintain a counterclaim. See In Defense of Animals v. OHSU , 199 Or. App. 160, 189, 112 P.3d 336 (2005) ("The term 'shall' is a command expressing what is mandatory," whereas the "use of the word 'may' *** indicates that relevant entity has discretion whether to take the action described therein." (Citations omitted.) ). On the other hand, the latter part of the first sentence states that the court "shall determine the amount due to each party." ORS 90.370(1)(b) (emphasis added). Thus, a determination of the merits of the parties' claims and counterclaims is mandatory under ORS 90.370(1)(b) in order to "determine the amount due to each party," even if neither party requests that rent be paid into court or the court refuses to order the tenant to pay rent into court. See Amatisto v. Paz , 82 Or. App. 341, 346 n. 2, 728 P.2d 42 (1986) ("A tenant need not pay rent into court voluntarily in order to reap the benefits of the statute.").
The second sentence of ORS 90.370(1)(b) provides, "The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party." That sentence "directs how payment shall be made after the claims and counterclaims have been *553 decided and evaluated, i.e. , after a verdict." Eddy , 77 Or. App. at 124, 711 P.2d 205. The court first offsets the damages awarded for the counterclaim against the rent due to determine "the party to whom a net amount is owed." ORS 90.370(1)(b). Then, if the tenant paid rent into court, "[t]he party to whom a net amount is owed shall be paid first from the money paid into court." ORS 90.370(1)(b). Hence, if no rent has been paid into court, "[t]he party to whom a net amount is owed *** shall be paid the balance by the other party." Id . ; see, e.g. , *351 Crystal Communications, Inc. v. Dept. of Rev. , 353 Or. 300, 311, 297 P.3d 1256 (2013) ("As a general rule, we construe a statute in a manner that gives effect, if possible, to all of its provisions."); ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.").
The third sentence of ORS 90.370(1)(b) gives the court the discretion to release rent that has been paid into court "if the parties agree or if the court finds such party to be entitled to the sum so released." Thus, the third sentence applies only if the court exercises its discretion to order the payment of rent into court.
The fourth sentence of ORS 90.370(1)(b) provides that, "[i]f no rent remains due after application of this section," i.e. , if any judgment for the landlord is completely offset by the tenant's recovery on the tenant's counterclaims, or satisfied by the amount a tenant has paid into court, "judgment shall be entered for the tenant in the action for possession." (Emphasis added.) Landlord argues that "a prerequisite for a judgment of possession for a tenant is 'application of this section,' meaning the 'release of money paid into court' by the tenant." The only provision of ORS 90.370(1)(b) which might conceivably support landlord's construction is the phrase "after application of this section." However, because the order of rent into court is discretionary, the application of the section may or may not result in an order to pay rent into court.[3] In either situation, when the *554 tenant counterclaims, the section will apply and, if no rent remains due before the judgment is entered, ORS 90.370 (1)(b) requires the court to enter a judgment for the tenant in the action for possession, unless otherwise agreed by the parties. Eddy , 77 Or. App. at 123-24, 711 P.2d 205.
B. Text of ORS 90.370(1)(b) in Context
In our statutory construction analysis, text cannot be viewed in isolation, and must be considered in the totality of the statutory framework. State v. Meek , 266 Or. App. 550, 556, 338 P.3d 767 (2014). The context of ORS 90.370(1)(b) also indicates that the legislature did not intend to make the application of ORS 90.370(1)(b) contingent on the tenant paying rent into court.
ORS 90.370(2) provides that, "when the tenant is not in possession, the tenant may counterclaim as provided in subsection (1) of this section but is not required to pay any rent into court." Thus, if a tenant is not in possession of the premises, the court has no discretion to order rent to be paid into court, but the provisions of ORS 90.370(1)(b) still apply. The court offsets the damages awarded for the counterclaim against any rent due, and then "[t]he party to whom a net amount is owed *** shall be paid the balance by the other party." ORS 90.370(1)(b).
The application of ORS 90.370(1)(b) is contingent on the payment of rent into court only if the tenant is in possession and the court orders the tenant to pay rent into court. ORS 90.370(3) provides that, "If the tenant does not comply with an order to pay rent into the court as provided in subsection (1) of this section, the tenant shall not be permitted to assert a counterclaim in the action for possession." Under landlord's interpretation, the provisions of ORS 90.370 (1)(b) would not apply any time a tenant fails to pay rent into court. If we construe ORS 90.370(1)(b) as landlord proposes, the provisions of ORS 90.370(3) specifying the effect of a tenant's failure to pay rent into court when so ordered, and the trial court's discretion to order rent to be paid into *555 court under ORS 90.370(1)(b), would be "meaningless surplusage." *352 State v. Stamper , 197 Or. App. 413, 418, 106 P.3d 172, rev. den. , 339 Or. 230, 119 P.3d 790 (2005).
ORS 90.370(4) provides:
"(4) If the total amount found due to the tenant on any counterclaims is less than any rent found due to the landlord, and the tenant retains possession solely because the tenant paid rent into court under subsection (1) of this section, no attorney fees shall be awarded to the tenant unless the tenant paid at least the balance found due to the landlord into court no later than the commencement of trial."
(Emphasis added.) That emphasized language, which pertains to one particular scenario by which a tenant can retain possession, suggests that there may be other scenarios by which the tenant can retain possession by a means that differs from paying rent into court, e.g. , if the total amount found due to the tenant on her counterclaims offsets the rent found due to the landlord.
ORS 90.370(5) provides, "When a tenant is granted a continuance for a longer period than two days, and has not been ordered to pay rent into court under subsection (1) of this section, the tenant shall be ordered to pay rent into court under ORS 105.140(2)."[4] That provision indicates that a counterclaim can be maintained under ORS 90.370(1) without paying rent into court but, if the tenant is not prepared to proceed expeditiously, the court must protect the landlord's interest in the accruing rent caused by the tenant's delay by ordering the payment of rent into court. See Napolski , 295 Or. at 420, 667 P.2d 1013 ("[T]he FED process remains rather summary and expeditious and rent withholding will not, in the usual case, deprive the landlord of his money for an appreciable amount of time.").
Thus, the statutory scheme also indicates that the legislature did not intend to make the application of ORS 90.370(1)(b) contingent on the tenant paying rent into court.
*556 C. Prior Judicial Construction of ORS 90.370 and its Predecessor
"Our analysis of [the statute] is also informed by this court's prior construction of that statute or its predecessors." Cloutier , 351 Or. at 100, 261 P.3d 1234.[5] Before being renumbered in 1989, ORS 90.370 was codified at ORS 91.810.
1. Tenants are awarded possession when their counterclaim offsets the rent adjudged due.
In L & M Investment Co. v. Morrison , 34 Or. App. 231, 233-34, 578 P.2d 462, adh'd to on recons , 35 Or. App. 821, 583 P.2d 19 (1978), rev'd , 286 Or. 397, 594 P.2d 1238 (1979), there was no mention of the tenant paying rent into court. The trial court found that the defendants were entitled to $650 in damages on their counterclaims which "exceeded the rental due" and, "therefore, defendants were not in default in the rental, ORS 91.810, and plaintiff was not entitled to possession of the premises."[6] Id . (footnote omitted). We reversed, holding that the tenant was required to provide written notice under ORS 91.800(1) that the landlord "cure *353 certain breaches or the tenant will terminate the tenancy," as a prerequisite to a claim for damages under ORS 91.800(2) and, because no such notice was given, there was "nothing to offset the rental otherwise owing" so the landlord was entitled to possession. Id . at 237-40, 578 P.2d 462.
The Supreme Court reversed, noting that we had failed to reference the counterclaim provisions of ORS 91.810(1), and stated that, under our interpretation, *557 ORS 91.810 would be "meaningless, as a practical matter," because "a counterclaim under ORS 91.810 would not enable a tenant to retain possession, as provided by that section of the Act, unless he had the forethought to give a 'fix or I leave' notice." L&M Investment Co. v. Morrison , 286 Or. 397, 408, 594 P.2d 1238 (1979). The court concluded that "the legislature, in drafting ORS 91.800(2), did not intend that subsection to require that written 'fix or I leave' notice be given as a prerequisite to either an action for damages or injunctive relief under ORS 91.800(2), or a counterclaim under ORS 91.810, as held by the Court of Appeals." Id .[7] After quoting ORS 91.810(1) in full, the court stated: "Thus, a counterclaim for damages under ORS 90.800(2) can be offset against rent due and if the damages exceed the rent, the tenant may remain in possession of the premises ." Id . at 407, 594 P.2d 1238 (emphasis added).
On remand from the Supreme Court, we addressed the remaining assignments of error. The landlord had assigned error to "the trial court's 'granting defendant a permanent injunction virtually alienating the property from plaintiff and granting it permanently almost for nothing to defendant.' " L & M Investment Co. , 44 Or. App. at 313, 605 P.2d 1347 (quoting the landlord's brief). We stated that, "[t]he landlord is mistaken in its characterization of the portion of the judgment to which this assignment of error pertains, and in referring to it as an 'injunction.' " Id . We noted that "[t]he trial court enjoined nothing by this part of the judgment; the court simply ruled against the landlord in the action for possession," and we concluded that the trial court's "rul[ing] against the landlord in the action for possession * * * was required by ORS 91.810(1), because the damages awarded the tenant on her counterclaims exceeded the amount of unpaid rent the landlord claimed was due ." Id . (emphases added).
Similarly, in Light v. Sheets , 105 Or. App. 298, 300, 804 P.2d 1197 (1991), the tenant's rent was $300 per month *558 and the tenant withheld one month of rent because of plumbing deficiencies. The landlord commenced an FED action and the tenant counterclaimed, "seeking damages for [the] landlord's breach of the obligation to maintain the dwelling in a habitable condition." Id . The trial court awarded possession of the premises to the landlord and $240 in damages to the tenant on her counterclaim. Id . On appeal, we concluded that the trial court erred in awarding the defendant only $240 in damages because it failed to award an additional $60 for diminution in rental value. Id . We stated that "[t]he effect of increasing tenant's damages to $300 is to offset completely the rent that she owed, so that she owed nothing at the time of trial," and "[b]ecause no rent remained due after application of tenant's recovery on her counterclaim, 'judgment shall be entered for the tenant in the action for possession .' " Id . at 301, 804 P.2d 1197 (quoting ORS 90.370(1) (emphasis added) ). Consequently, we "[r]eversed and remanded for entry of judgment for defendant on the right to possession." Id .
2. Tenants are awarded possession when the rent paid into court offsets the rent adjudged due.
In Amatisto , 82 Or. App. at 346, 728 P.2d 42, the tenant asserted counterclaims and paid $2,000, the full amount of rent due, into court. The trial court found against the tenant on her counterclaims and $2,000 in rent was adjudicated as due. Id . The trial court awarded possession to the landlord because the tenant did not prevail on her counterclaims. Id . at 343, 728 P.2d 42. Although no rent remained due solely because of the rent *354 paid into court, we concluded that the tenant was entitled to possession. Id. at 346-47, 728 P.2d 42.
3. Tenants are awarded possession when amounts awarded on their counterclaims and the rent paid into court offset the rent adjudged due.
The general principles related to landlord tenant law discussed in L & M Investment Co. were further explored in Napolski v. Champney , 60 Or. App. 438, 653 P.2d 1311 (1982), rev'd , 295 Or. 408, 667 P.2d 1013 (1983). In Napolski , the tenant paid $900 rent into court, and the trial court found that the tenant's damages were $100 and the rent due to the landlord was $900. Id . at 440-41, 653 P.2d 1311. The trial court awarded *559 the tenant possession. Id . at 440, 653 P.2d 1311. We reversed based on the last sentence of ORS 91.810(1), stating that, "[i]f no rent remains due after application of this section , judgment shall be entered for the tenant in the action for possession." Id. at 444, 653 P.2d 1311 (emphasis in original). We reasoned that "the tenant's right to possession depends on whether the damages [the tenant] recovers on the counterclaims that ORS 91.810(1) authorizes exceed the unpaid rent." Id . Relying on that emphasized language and the Supreme Court's conclusion in L & M Investment Co. , that "a counterclaim for damages * * * can be offset against rent due and if the damages exceed the rent, the tenant may remain in possession of the premises," we held that "the tenant's right to possession is contingent on his damages exceeding the rent due" and concluded that the tenant was not entitled to possession of the premises. Id . at 443-45, 653 P.2d 1311.
The Supreme Court reversed our holding in Napolski that "a tenant in a FED action is entitled to retain possession 'only if he recovers damages on his counterclaims that exceed the rent due the landlord.' " 295 Or. at 410, 667 P.2d 1013 (emphasis added). The court stated that the "narrow" issue before it was "[w]hich party in an FED action based on nonpayment of rent is entitled to possession if the tenant's counterclaim award is less than the rent adjudged due but where the tenant had prior to trial tendered into court sufficient funds to cover the rent then due?" Id . at 413, 667 P.2d 1013. The court concluded that "because defendant here had asserted a valid counterclaim against plaintiff under the ORLTA and had tendered into court sufficient funds to cover the rent that was ultimately adjudged due plaintiff, under ORS 91.810(1) [the tenant] was entitled to retain possession of the premises." Id . at 420, 667 P.2d 1013.
Similarly, in Eddy , the jury awarded the tenant $700 in damages on her counterclaims, and found that $1,000 in rent was due. 77 Or. App. at 122, 711 P.2d 205. "The court did not order [the tenant] to pay any money into court at any time during th[e] proceeding * * * and [the tenant] voluntarily tendered the $300 into court after trial"-"the difference between the rent due and the recovery on her counterclaims"-before the court entered its judgment. Id . at 122-23, 711 P.2d 205. We reasoned that, once the counterclaims had been "decided and evaluated, *560 i.e. , after a verdict," as long as "[the landlord] was paid [the landlord's] net award from the money paid into court" so that no rent remained due before the judgment was entered, the tenant was entitled to a judgment for possession. Id . at 124, 711 P.2d 205.
4. Case law confirms that defendant should have been awarded possession.
Our conclusion that judgment should be entered for tenant in the action for possession because her $2,550 in damages offset completely the $606 in rent that she owed, even though tenant did not pay rent into court, is in accord with this court's conclusions in Light and L & M Investment Co. , as well as the principles articulated in the other case law set forth above. Thus, whether it is a defendant's counterclaim (as in L&M and Light ), the rent paid into court (as in Amastisto ), or a combination of the two (as in Napolski and Eddy ) that results in the tenant satisfying the rent adjudged due, under ORS 90.370(1)(b), the tenant is entitled to possession.
D. Legislative History of ORS 90.370
The legislative history of ORS 90.370(1)(b) does not lead us to a different result; to the *355 contrary, the legislative history supports our understanding of the statute and our conclusion that tenant is entitled to possession in this case. Before the enactment of Senate Bill (SB) 159 (1973), the ORLTA, "[t]he limited rights of the tenant vis-à-vis the landlord were reflected in the forcible entry and detainer statutes as they were originally formulated." Napolski , 295 Or. at 414, 667 P.2d 1013. FED actions were summary proceedings in which the only issue was possession of the premises and in which the tenant "was not allowed to counterclaim or interpose the landlord's own defaults in defense." Id . at 414-15, 667 P.2d 1013. In 1973, the legislature expanded tenants' rights and, as relevant here, permitted tenants to counterclaim and assert the landlord's noncompliance with the ORLTA or the rental agreement in defense to a FED action for possession. Id . at 413-16, 667 P.2d 1013 ; Or. Laws 1973, ch. 559, § 21.
SB 159 was based on the 1972 version of the Uniform Residential Landlord Tenant Act and "the statutes pertinent *561 here are identical or closely parallel the corresponding uniform act sections." Napolski , 295 Or. at 413 n. 8, 667 P.2d 1013. A copy of SB 159 with the comment to section 4.105 of the uniform act, which ultimately became the counterclaim provision at issue, was submitted as an exhibit for discussion to the Senate Local Government and Urban Affairs Committee. Exhibit 3, Senate Local Government and Urban Affairs Committee, SB 159, Feb. 21, 1973 (accompanying letter to Senator Anthony Meeker and Senator Keith Burns from Charles Williamson, Deputy Director of Legal Aid Service, Multnomah Bar Association). The comment to section 4.105 of the uniform act provides, in part: "It is anticipated that upon filing of the counterclaim the court will enter the order deemed appropriate by [the court] concerning the payment of rent in order to protect the interests of the parties." See also Napolski , 295 Or. at 420 n. 15, 667 P.2d 1013 (the permissive language employed in ORS 91.810(1)"is evidently to give the trial court some discretion and flexibility based upon the circumstances of the particular case").
There was extended debate in the Senate and the House Local Government and Urban Affairs Committees about the counterclaim provision in SB 159. As reflected in an exhibit presented to the Senate Local Government and Urban Affairs Committee, at Senator Wallace P. Carson Jr.'s request, Stanley Church, of the Oregon Association of Realtors, George Birnie, of the Oregon Apartment House Association, Fred Van Natta, of the Oregon State Homebuilder's Association, and Charles Williamson, of Portland Legal Aid Service, met to discuss amendments proposed by the Oregon Association of Realtors. Exhibit 6, Senate Local Government and Urban Affairs Committee, SB 159, Mar 29, 1973 (accompanying statement of Charles Williamson). The Oregon Association of Realtors was opposed to the counterclaim provision and suggested that the entire section be deleted and proposed an amendment that "would prohibit a tenant from asserting defenses he might have under this Act in an FED (eviction) action." Id . Kent Whitaker, of the Portland Homebuilders Association, also suggested that the "section should be redrafted to provide that the landlord can sue to recover possession (FED), and to recover rent in two separate actions * * * [so] [t]he *562 landlord recovers immediate possession and if the tenant was in possession of the premises when sued [the tenant] can be compelled to pay whatever rent is due into Court." Testimony, House Local Government and Urban Affairs Committee, SB 159, May 14, 1973 (statement of Kent Whitaker in a letter to Fred Van Natta regarding suggested changes to SB 159). At the House work session on SB 159, Theodore Jenson, of the Oregon Association of Realtors, also sought to have the section "eliminated because it allows a counterclaim for damages * * * in the FED case which basically would be for the determination of the possession of the premises." Tape Recording, House Local Government and Urban Affairs Committee, SB 159, June 1, 1973, Tape 42, Side 1 (statement of Theodore Jensen). Phil Owen, who testified against the bill, stated that the section's language was not "strong enough" and suggested that it "should require the court to demand full payment of rent to be held by the court" to "discourage a tenant from using this as an excuse for non-payment of rent." Testimony, *356 House Local Government and Urban Affairs Committee, SB 159, May 18, 1973 (statement of Phil Owen).
At the House work session on SB 159, Charles Williamson strongly opposed those amendments, stating:
"This section is a critical section of the bill and if it is deleted the bill for tenants will be basically meaningless. They will be allowed certain rights as tenants after they have already been evicted, which is really not very much of a right. It is pretty tough to explain to a tenant that [the tenant] is being evicted for not paying the rent when [the tenant] doesn't owe any rent, which is what this section is solving."
Tape Recording, House Local Government and Urban Affairs Committee, SB 159, June 1, 1973, Tape 42, Side 1 (statement of Charles Williamson).
Ultimately, the legislative assembly rejected the proposed amendments that would have prohibited a tenant from asserting counterclaims in an FED action. Additionally, instead of requiring the court to demand full payment of rent to be held by the court for tenants to maintain a counterclaim in the action for possession, the legislature chose to *563 follow the model act and leave that decision to the court's discretion.
In 1993, the amendment to ORS 90.370 by the legislative assembly was only intended to increase party autonomy and incentivize settlement-there was no discussion about changing the existing rent withholding scheme. The statute's original text is indicated by brackets, and the 1993 amendments are in boldface:
"In the event the tenant counterclaims, the court at the landlord's or tenant's request [from time to time] may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession."
Or Laws 1993, ch 369, § 9.
Both the Preliminary Staff Measure Summary provided to the House Committee on Commerce; Subcommittee on Business, and the Staff Measure Summary provided to the House Committee on Commerce, described the first change as follows: "Allows court to order a tenant to pay disputed rent to the court pending judgment only when requested by the landlord or tenant." Exhibit B, House Committee on Commerce; Subcommittee on Business, HB 2968, Apr. 20, 1993 (Preliminary Staff Measure Summary); Exhibit H, House Committee on Commerce, HB 2968, Apr. 29, 1993 (Staff Measure Summary); see State Treasurer v. Marsh & McLennan Companies, Inc ., 353 Or. 1, 12-13, 292 P.3d 525 (2012) (using staff measure summary to understand the legislature's intent in enacting the statutory terms at issue). A section-by-section analysis provided to the Senate gives similar guidance: "Under current law, the court has discretion to order the tenant in such a case to pay accruing rent into court. This amendment would trigger *564 the court's discretion only upon a request for rent tender by either the landlord or the tenant ***." Exhibit A, Senate Business, Housing and Consumer Affairs Committee, HB 2968A, June 2, 1993 (accompanying testimony of Ken Hanaway; prepared by John VanLandingham). Thus, the legislative history reveals that the legislative assembly saw the first part of the amendment to ORS 90.370(1)(b) as simply removing the onus of initiating the payment of rent into court from the trial court and placing it on the parties.
Regarding the second part of the amendment to ORS 90.370(1)(b), the Staff Measure Summaries mentioned above note that that amendment was intended to clarify "that parties may enter into a settlement even after a court decides a case and the settlement is different from the court ruling." Exhibit B, House Committee on Commerce; Subcommittee on Business, HB 2968, Apr. 20, 1993 (Preliminary Staff Measure Summary); Exhibit *357 H, House Committee on Commerce, HB 2968, Apr. 29, 1993 (Staff Measure Summary). Written testimony provided to the Senate Business, Housing and Consumer Affairs Committee noted that the new "language is added to clarify that even after the court reaches a decision, the parties can enter a settlement which provides for a different result. This is important [ ] to encourage and allow the parties to settle ***." Exhibit A, Senate Business, Housing and Consumer Affairs Committee, HB 2968A, June 2, 1993 (accompanying testimony of Ken Hanaway; prepared by John VanLandingham).
Thus, the legislative history does not indicate that the legislature intended to make the payment of rent into court mandatory, or to require such a payment for a tenant to retain possession if no rent remains due after the court offsets any rent due with damages awarded for the counterclaim.
III. CONCLUSION
In sum, nothing in the text or context of ORS 90.370(1)(b) requires a tenant to pay rent into court to be awarded possession of the premises if her counterclaim for damages exceeds any rent adjudged due. The case law set forth above confirms that conclusion, and nothing in the *565 legislative history leads us to think otherwise.[8] Because tenant's $2,550 in damages was more than enough to offset the $606 in rent adjudged due, "judgment shall be entered for the tenant in the action for possession." ORS 90.370 (1)(b). The trial court erred in awarding landlord possession.
Reversed and remanded for entry of judgment for defendant on the right to possession.

ORS 90.370 authorizes tenant counterclaims in FED actions that are based on the nonpayment of rent. ORS 90.370(1)(b) provides:
"In the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section and unless otherwise agreed between the parties, a judgment shall be entered for the tenant in the action for possession."

Landlord does not dispute that tenant had a valid counterclaim under the ORLTA. Tenant's counterclaim for damages is based on landlord's unlawful entry under ORS 90.322(8), and landlord acknowledges that counterclaims under ORS 90.370 are not limited to habitability issues. See Napolski v. Champney , 295 Or. 408, 411-12, 667 P.2d 1013 (1983) (the tenant counterclaimed for damages because the landlord failed to provide a written rental agreement).

In Napolski , 295 Or. at 420 n. 15, 667 P.2d 1013, the Supreme Court noted that the language "is permissive, i.e. , the trial court 'may' order the tenant to pay rent into court and 'may' release some or all of it," and in cases where "the tenant's counterclaim appears meritorious and could exceed the rent conceded due, the trial court may chose not to require the tenant to pay any rent into court." Nothing in the language of ORS 90.370(1)(b) indicates that the court's refusal to enter such an order would affect a tenant's ability to retain possession if her counterclaims completely offset any rent due.

Under ORS 105.140(2), "[n]o continuance shall be granted to a defendant for a longer period than two days unless" the "court orders a defendant to pay rent into court" and, "[i]f a defendant fails to pay rent into court under this subsection, the action shall be tried forthwith."

While the cases cited predate the most recent version of ORS 90.370 at issue here, we adhere to the analysis and reasoning employed in the following cases because the amendments to ORS 90.370 have not affected it. A fuller discussion of the legislative history follows this section.

As noted, ORS 91.810 was renumbered as ORS 90.370 in 1989. Former ORS 91.810(1) (1977) provided, in part:
"In the event the tenant counterclaims, the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section, judgment shall be entered for the tenant in the action for possession."

In L & M Investment Co. , the court also noted that the "tenant may sue the landlord for damages and/or injunctive relief, either as an independent action (ORS 91.800(2) ) or as a counterclaim to a landlord's suit for possession. (ORS 91.810 )." 286 Or. at 405, 594 P.2d 1238.

Napolski , 295 Or. at 417 n. 13, 667 P.2d 1013, cites to Mark W. Cordes, Landlord-Tenant Reform in Oregon, 16 Willamette L. Rev. 835, 865-71 (1980). We note that our interpretation of ORS 90.370 is also in accord with the view of that commentator, who stated: "ORS 91.810(1) *** provides for a set-off between damages suffered and rent owed to determine who is entitled to possession," id . at 869, and "the tenant is released from rent to the extent that it equals the amount of damages resulting from the landlord's breach." Id. at 865.