288 November 26, 2025 No. 1031

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CASCADE MANAGEMENT, INC.,
and Gateway Commons Apartments, LLC,
a limited liability company of Washington,
*Plaintiff-Respondent,*

*v.*

Patrick R. RODRIGUEZ,
Natalie N. Sunnaa, and all other occupants,
*Defendants-Appellants.*

Washington County Circuit Court
23LT13804; A182782

Erik M. Buchér, Judge.

Argued and submitted October 15, 2025.

Patrick R. Rodriguez argued the cause *pro se*. Also on the brief was Natalie N. Sunnaa.

No appearance for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Landlord brought an action against tenants for forcible entry and wrongful detainer (FED) based on a 10-day notice of termination for nonpayment of rent. ORS 90.394(2). Landlord subsequently moved for summary judgment, arguing that there were no genuine issues of material fact. Tenants objected to the summary judgment motion, arguing that issues of fact existed on whether they paid rent and whether they in fact needed to pay rent for the month in question. After a hearing, the trial court granted summary judgment in favor of landlord.

On appeal from the general judgment, tenants raise two assignments of error. The first presents several ways that tenants assert that the trial court erred in its legal analysis of the summary judgment motion. Having reviewed the arguments presented in the opening brief and the record, we are unpersuaded that the trial court committed any legal error in the summary judgment analysis, as alleged by tenants. Below, it was undisputed that tenants did not pay rent through any traditional means, such as cash, a check, money order, or use of a credit card. Instead, tenants made "offers of tender of payment," relying on their assertions that the interest accruing on their security deposit should be used to cover the rental amount due for the month in question, that the interest functioned as prepaid rent, and that their rental agreement operated as a promissory note, which satisfied their rental obligations. On the latter point, the trial court disagreed, ruling that "submission of a promissory note is not lawful tender to pay an obligation in this case." The trial court did not commit legal error in that analysis. A promissory note is not itself a payment. As its name suggests, it is a "written promise to pay a sum of money, at a certain definite time." *Adams v. Rutherford*, 13 Or 78, 84, 8 P 896 (1885). In addition, tenants' pleading in response to the summary judgment motion did not include any evidence establishing that their security deposit was placed in an interest-bearing account, that it generated sufficient interest to cover their rent, that the interest amounted to prepaid rent, and that prepaid rent in that manner was permitted under their lease agreement.

Once a party moves for summary judgment, ORCP 47 D requires that the non-moving party "by affidavits, declarations, or as otherwise provided in this section *** set forth specific facts showing that there is a genuine issue as to any material fact for trial." Under the rule, it is not enough to rely on "allegations or denials of that party's pleading." Because tenants did not establish a genuine issue of material fact on whether the security deposit interest qualified as a payment of rent, the trial court did not err in granting summary judgment.

In their second assignment of error, tenants argue that the trial court erred in granting summary judgment because there were genuine issues of material fact on their alternative defense of an uninhabitable dwelling under the Oregon Residential Landlord and Tenant Act (ORLTA). After landlord filed its motion for summary judgment, tenants filed a responsive pleading, which they titled "amended answer and counterclaim," and exhibits to that pleading. Among other issues, those pleadings raised an affirmative defense that their apartment was uninhabitable, which, they assert, would have relieved them from the obligation to pay rent for the month in question.

The ORLTA provides tenants with an "'implicit withholding remedy' that allows the tenant to withhold rent if the landlord is not in compliance with the habitability requirements" set out in ORS 90.320. *Jared v. Harmon*, 374 Or 381, 389-91, 578 P3d 655 (2025). In other words, "a tenant's obligation to pay rent is 'reciprocal' to and thus dependent upon a landlord's obligation to maintain rental properties in a habitable condition." *Id.* at 396. If a landlord then commences an FED action for nonpayment of rent, the tenant can file a counterclaim pursuant to ORS 90.370. *Id.* at 391. "Counterclaims under ORS 90.370 can be based on *** any statutory violation" under the ORLTA, *Timmermann v. Herman*, 291 Or App 547, 551, 422 P3d 347 (2018), including those related to a landlord's duty to maintain a "dwelling unit in a habitable condition" under ORS 90.320(1), *see Eddy v. Anderson*, 366 Or 176, 182, 190, 458 P3d 678 (2020) (addressing habitability counterclaim asserted under ORS 90.370) However, a tenant cannot counterclaim based on

habitability concerns unless the landlord "reasonably had or should have had knowledge or had received actual notice of the facts that constitute the tenant's counterclaim." ORS 90.370(1)(a).

Here, tenants did not plead that landlord "reasonably had or should have had knowledge or had received actual notice of the facts that constitute [their] counterclaim" as required under ORS 90.370(1)(a). Nor did tenants submit any evidence to support such a determination. Because tenants did not establish a genuine issue of material fact as to habitability as an affirmative defense, the trial court did not err when it denied summary judgment without further considering it.

Affirmed.